In Re: Appeal of Green & White Copter, Inc. from the Denial of Its Curative Amendment Request by the Board of Commissioners of Radnor Township. Green & White Copter, Inc., Appellant.

446

Argued April 7, 1976, before President Judge
Bowman and Judges Crumlish, Jr., Kramer, Wilkin-
son, Jr., Mencer, Rogers and Blatt.

*Richard P. McBride,* with him *Power, Bowen &
Valimont,* for appellant.

*Eugene H. Evans;* Solicitor, for appellee.

Opinion by President Judge Bowman, July 12,
1976:

This appeal poses the question of whether *every*
use of land is constitutionally protected, and neces-
sarily must be provided for in a zoning ordinance. We
hold that the perimeter of constitutionally protected
property rights is not so expansive, and affirm the

lower court. In so holding, the narrow question of burden of proof presents itself.

On November 20, 1973, Green & White Copter, Inc. (appellant) filed an application for a curative amendment with the Radnor Township Board of Commissioners (Board) pursuant to Section 1004(1)(b) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, *as amended,* 53 P.S. §11004(1)(b). The application sought an amendment to the Radnor Township zoning ordinance to provide for private use heliports in R-2 residential districts. The proposed use was to be maintained strictly as a personal use, not for commercial or business uses. The Radnor Township zoning ordinance at the time of the application made no provision for heliports of any variety—commercial or private—anywhere within the municipal boundaries.

Appellant leased 1.607 acres of land in an R-2 residential district which it utilized as a heliport. Incident to this use, appellant had obtained a heliport license for the site in question from the Pennsylvania Department of Transportation, Bureau of Aviation, as provided in The Aeronautical Code, Act of May 25, 1933, P. L. 1001, *as amended,* 2 P.S. §1460 et seq.

After a hearing, the Board, on April 22, 1974, rejected appellant's proposed amendment, from which action an appeal was taken to the Court of Common Pleas of Delaware County. In a well-reasoned opinion by Judge TOAL, the lower court affirmed. Hence this appeal.

Appellant insists that the existing zoning ordinance is exclusionary, and, therefore, unconstitutional in failing to provide for personal use heliports. Appellant relies on our Supreme Court's decisions in *Beaver Gasoline Company v. Osborne Borough,* 445 Pa. 571, 285 A.2d 501 (1971) and *Exton Quarries, Inc. v. Zoning Board of Adjustment,* 425 Pa. 43, 228

A.2d 169 (1967) as placing the burden on a municipality to justify the constitutionality of an ordinance which totally excludes an otherwise legitimate use. Appellant contends that the Board has not met that burden.

The lower court found that the burden had not shifted to the Board to establish the validity of its zoning ordinance, and, therefore, affirmed the denial of the curative amendment. Here, we must review the lower court's decision to determine whether the lower court in so concluding committed an error of law.[1]

We begin our analysis by noting the almost axiomatic principle that one challenging a zoning ordinance must overcome its presumed validity, *e.g., National Land and Investment Company v. Easttown Township Board of Adjustment,* 419 Pa. 504, 215 A.2d 597 (1965); *DeCaro v. Washington Township,* 21 Pa. Commonwealth Ct. 252, 344 A.2d 725 (1975).

We are not unmindful, however, of the Supreme Court's recognition in *Beaver, supra,* that once a challenger has shown a total exclusion or ban of an otherwise legitimate use or activity, the burden is then on the municipality to demonstrate the public interest to be protected and the rationale of its ex-

---

[1] In this class of appeals, where the local governing body has made findings of fact from which it reached its legal conclusion and, on appeal, the lower court does not take additional testimony, our scope of review has been stated to be that of determining whether the local governing body abused its discretion or committed an error of law. *Ridgeview Associates v. The Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 459, 333 A.2d 249 (1975). We do not renounce this rule, but the narrow issue before us being limited to the question of the shifting of burden of proof where the record discloses total exclusion of land use for private heliport purposes—a legal issue not passed upon by the Board of Commissioners—our review is better stated to be directed to the ruling of the lower court with respect thereto. If the lower court is correct then too is the local governing body.

ercise of the police power.[2] In short, the presumption of validity is overcome and the burden shifts to the municipality. *East Pikeland Township v. Bush Brothers, Inc.*, 13 Pa. Commonwealth Ct. 578, 319 A.2d 701 (1974); *Amerada Hess Corporation v. Zoning Board of Adjustment*, 11 Pa. Commonwealth Ct. 115, 313 A.2d 787 (1973).

However, a close reading of *Beaver, supra,* compels a conclusion that not all total exclusions of land uses shift the burden of proof to the municipality to justify said exclusions. We consider the following language of Mr. Justice O'BRIEN in *Beaver, supra,* most crucial to the case at hand.

"Common knowledge indicates that *certain types of business activities, by reason of the particularly objectionable quality of those activities, are undesirable land uses and total prohibition would appear prima facie to be designed to protect those public interests which zoning statutes permit municipalities to protect.* In the instant case, we are not dealing with such an activity. Were this ordinance to ban from the borough an activity generally known to give off noxious odors, disturb the tranquility of a large area by making loud noises, have the obvious potential of poisoning the air or the water of the area, or similarly have clearly deleterious effects upon the general public, the situation would be entirely different from that in the instant case." 445 Pa. at 575-76, 285 A.2d at 504. (Emphasis added.)

---

[2] Similarly, *Exton, supra*, although not written in burden of proof terminology, laid down more stringent requirements in cases of total exclusion: "For these reasons, we believe that a zoning ordinance which totally excludes a particular business from an entire municipality must bear a more substantial relationship to the public health, safety, morals and general welfare than an ordinance which merely confines that business to a certain area in the municipality." 425 Pa. at 60, 228 A.2d at 179.

Here, we believe that heliports, particularly in residential areas, embody a land use, the total exclusion of which appears *prima facie* to be designed to protect the public interest. The prohibition of heliports so clearly relates to police power goals that this zoning ordinance *retains its presumption of validity* as we believe the Supreme Court in *Beaver, supra,* so declared. We do not read *Beaver* as creating a right to every kind of use.[3] We agree with the lower court that the requested land use is one that the zoning law permits a community to protect against.

The potential safety problems and disturbances to the tranquility of the area are obvious. While air travel facilities are not nuisances per se, they may become nuisances in fact in a particular situation. Necessarily, the proposed use in this case would impinge upon the rights of neighboring landowners in the use and enjoyment of their property. If any further evidence of the potential for interference with adjoining property is required, it is provided by the fact that air flights over property have been found to constitute a taking of land near airports. *See, e.g., Griggs v. Allegheny County,* 369 U.S. 84, *rehearing denied,* 369 U.S. 857 (1962). After examining this record, and in view of the presumed validity of this zoning ordinance, we cannot say that the lower court erred as a matter of law in affirming the Board's denial of the curative amendment.

We are supported in our conclusion by a recent opinion by the Superior Court of New Jersey. In *Garden State Farms, Inc. v. Bay,* 136 N.J. Super. 1, 343 A.2d 832 (1975), that court upheld a zoning ordinance which banned the taking off and landing

---

[3] As to lawfulness of total exclusions, *see generally John Donnelly & Sons, Inc. v. Outdoor Advertising Board,* Mass. , 339 N.E.2d 709 (1975) ; 101 CJS Zoning §54 (1975).

of aircraft throughout a borough; plaintiff in that case desired to construct a heliport on its property. It is instructive to note the court's reasoning:

"[I]t is not unreasonable that the board of commissioners concluded that air facilities would adversely affect the quality of life in the Borough. Although an airport is not a nuisance *per se,* it 'may become a nuisance if conducted in such an offensive manner as to interfere unreasonably with the general standard of comfort of neighboring property owners.' Apparently the municipal officials concluded that such a result was inevitable in their community and zoned to avoid it. The record does not disclose a basis upon which to find this conclusion unreasonable or arbitrary." 136 N.J. Super. at 22-23, 343 A.2d at 843-44. (Citations omitted.)

The order of the lower court is affirmed.

Judge KRAMER did not participate in the decision in this case.

Judge ROGERS concurs in the result only.