General Battery Corporation *v.* The Zoning Hearing Board of Alsace Township and the Alsace Township Board of Supervisors. Alsace Township Board of Supervisors, Appellant.

Argued February 2, 1977, before President Judge
Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Henry M. Koch, Jr.,* with him *Peter W. Schmehl,* and *McGavin, DeSantis & Koch,* for appellant.

*Paul T. Essig,* with him *Balmer, Mogel, Speidel & Roland,* for appellee.

OPINION BY JUDGE MENCER, April 5, 1977:

Nestled in the picturesque setting of a well-known valley, Alsace Township, Berks County, is in many ways removed from the metropolitan activities of the nearby City of Reading. The township's inhabitants enjoy a harmonious mix of rural and suburban uses in their "bedroom community" close to the city. It is not surprising, then, that they seek to perpetuate their township's seclusion. One method they have chosen is zoning: The Alsace Township zoning ordinance makes no provision for industry or industry-related uses anywhere in the township.

This ordinance has been attacked by General Battery Corporation (General Battery). General Battery, which generates waste as an incident of its lead-smelting operations in Muhlenberg Township, was denied a permit to construct waste disposal facilities on land it owned in an R-2 rural farm zone of Alsace Township. It appealed to the Alsace Township Zoning Hearing Board (Board), contending, *inter alia,* that the zoning ordinance embodied an unreasonable exercise of police power.[1] The Board disagreed, and General Battery appealed to the Court of Common Pleas of Berks County. Without taking additional evidence, the court held the ordinance invalid. The Alsace Township Board of Supervisors appealed to this Court.[2]

---

[1] *See, e.g., Girsh Appeal,* 437 Pa. 237, 241 n. 3, 263 A.2d 395, 397 n. 3 (1970); *Exton Quarries, Inc. v. Zoning Board of Adjustment,* 425 Pa. 43, 228 A.2d 169 (1967).

[2] The Board of Supervisors intervened in the appeal before the lower court.

It is well settled that where, as here, the lower court took no additional evidence, our scope of review is limited to determining whether the zoning board committed a manifest abuse of discretion or an error of law. *Updegrave v. Philadelphia Zoning Board of Adjustment*, 25 Pa. Commonwealth Ct. 451, 360 A.2d 827 (1976). The question confronting us is whether the Board committed an error of law by upholding the validity of the township's zoning ordinance. We hold that error was committed.

Initially, we note that, while a party challenging a zoning ordinance must overcome its presumed validity, the presumption is overcome by showing a total exclusion of an otherwise legitimate use. *Appeal of Green & White Copter, Inc.*, 25 Pa. Commonwealth Ct. 445, 360 A.2d 283 (1976). Within this context, a legitimate use is one which is not so particularly objectionable and undesirable that its prohibition appears prima facie to be designed to protect the public interest. *Beaver Gasoline Company v. Osborne Borough*, 445 Pa. 571, 285 A.2d 501 (1971); *Green & White Copter, supra; see, Exton Quarries, supra* note 1. Thus, an activity "generally known to give off noxious odors, disturb the tranquility of a large area by making loud noises, have the obvious potential of poisoning the air or the water of the area, or similarly have clearly deleterious effects upon the general public"[3] is not a legitimate use of land under this rule.

Once the presumption of validity is overcome, the burden of proof shifts to the municipality to establish the legitimacy of the prohibition by evidence establishing what interest is sought to be protected. *Beaver, supra.*

---

[3] *Beaver, supra*, 445 Pa. at 576, 285 A.2d at 504.

We hold that the total exclusion of industrial waste disposal facilities in Alsace Township shifts the burden of proof to the municipality. In this connection, we note the comprehensive role of an active and proficient department of this Commonwealth which has been entrusted with the duty of controlling and supervising the type of activity with which we are concerned. Under the authority of the Pennsylvania Solid Waste Management Act,[4] the Pennsylvania Department of Environmental Resources is given broad power to regulate waste disposal systems. In addition, the Department is authorized to use a wide variety of methods to protect and preserve the quality of our water.[5] Under these circumstances, we conclude that waste disposal facilities do not have the obvious potential for polluting air or water or otherwise creating uncontrollable health or safety hazards. Nor do common knowledge and experience suggest other clearly deleterious effects which would inevitably be visited upon the public in general. We therefore conclude that waste disposal facilities under the diligent control of the Department do not embody a use, the total exclusion of which appears prima facie to be designed to protect the public health, safety and welfare. Concomitantly, the burden shifts to Alsace Township to justify the exclusionary zoning ordinance.

We hold that Alsace Township has not carried its burden. In particular, we are unpersuaded that the township has established that by excluding the activity in issue it endeavored to protect those public interests which zoning statutes permit municipalities to protect. Before the Board, the township sought by cross-examination of General Battery's witnesses to establish that the specific disposal facility contemplat-

---

[4] Act of July 31, 1968, P.L. 788, *as amended*, 35 P.S. §§6001-6017.

[5] *See* Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §691.1 et seq. (known as The Clean Streams Law).

ed, a landfill with a liner and a system of tanks designed to protect against the possible leaching into the soil of compounds produced in General Battery's lead-smelting operations, might have detrimental effects. However, this evidence, dealing as it does with the application of the ordinance to General Battery's proposed use of its land, is not dispositive on the issue of the ordinance's facial invalidity. Obviously, a zoning ordinance may be invalid as a whole, although not in relation to specific property. *Exton Quarries, supra* note 1; *accord, Girsh Appeal, supra* note 1. We conclude that whether a possibility exists that General Battery's activity might have detrimental effects does not justify a total exclusion of all industrial waste disposal facilities.

Nor can we consider as other than specious the township's attitude that the prohibition protects township inhabitants from industrial waste generated in another municipality. Clearly, *where* the waste is generated has very little bearing on whether its disposal is harmful. *See Lutz v. Armour*, 395 Pa. 576, 151 A.2d 108 (1959). Having been unable to conclude that whatever effects might issue from waste disposal operations would be so prejudicial to the public health, safety and welfare as to support the total exclusion of those facilities, we decline to derive such prejudice from the origin of the waste to be disposed of.

We therefore hold that the Board committed an error of law when it concluded that Alsace Township had established a public interest in support of its total exclusion of industrial waste disposal facilities. We agree with the court below that the zoning ordinance is invalid.

Order affirmed.

### Order

And Now, this 5th day of April, 1977, the order of the Court of Common Pleas of Berks County in the

above captioned case, dated May 14, 1976, sustaining the appeal of General Battery Corporation, is hereby affirmed.