Lower Gwynedd Township and Board of Supervisors of Lower Gwynedd Township, Appellants v. Provincial Investment Company, Appellee; Lower Gwynedd Civic Association, Intervenor.

Argued September 26, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers, Blatt, DiSalle and MacPhail. Judges Mencer and Craig did not participate.

*Jeremiah J. Cardamone,* with him *Curtis Wright,* and *Timoney, Knox, Hasson & Weand,* for appellants.

*J. Peirce Anderson*, with him *Kane, Pugh, Anderson, Subers & McBrien*, for appellee.

*Gregory S. Gehn*, with him *Stanford S. Hunn*, and *Stanford S. Hunn Associates*, for intervenor.

OPINION BY JUDGE BLATT, January 5, 1979:

This is an appeal by Lower Gwynedd Township and the Board of Supervisors of the Township (Township) from an order of the Court of Common Pleas of Montgomery County which declared the Township's zoning ordinance unconstitutional because of its failure to make provision for townhouses.

On August 14, 1975, the Provincial Investment Company (Provincial), the owner of a 111-acre tract in the Township, submitted a proposed curative amendment alleging that its existing ordinance failed to provide for the construction of townhouses and requesting the creation of a townhouse district. It also requested that its property be rezoned so as to be included in a townhouse district.[1] After extensive public hearings, the Board of Supervisors (Board) denied the request on the grounds (1) that on August 13, 1975, one day before Provincial submitted its proposed amendment and request for rezoning the Board resolved to consider an ordinance which would provide for the building of townhouses in certain districts and so there was a pending ordinance (Ordinance 139) at the time of Provincial's request and this obviated the need for the curative amendment, (2) that in any event the prior ordinance did not fail to provide for townhouses within the Township and (3) that the construction of the proposed townhouses would be injurious

---

[1] The action was taken pursuant to Section 1004 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11004.

to the public health, safety and welfare of the Township. On appeal, the Court of Common Pleas of Montgomery County took no additional evidence but held that Ordinance 139 was not pending at the time of Provincial's request and that the prior ordinance was exclusionary in that it made no provision for townhouses and was therefore unconstitutional. This appeal followed.

Because the court below received no additional evidence on appeal, our review is confined to a determination of whether or not the Board abused its discretion, committed an error of law, or made findings not supported by substantial evidence. *Waynesboro Corporation v. The Easttown Township Zoning Hearing Board,* 23 Pa. Commonwealth Ct. 137, 350 A.2d 895 (1976). Moreover, the issue as to whether or not townhouse development falls within any of the categories specified in the ordinance is a question of law and therefore subject to our review. *Berger v. Board of Supervisors,* 31 Pa. Commonwealth Ct. 386, 376 A.2d 296 (1977).

We will consider first the issue of the pending ordinance. A pending ordinance which serves to correct defects in an otherwise invalid zoning ordinance and which is validly pending at the time of the filing of a curative amendment may serve as a justification for a municipality's denial of a proposed curative amendment. *Highway v. East Whiteland Township,* 28 Pa. Commonwealth Ct. 313, 368 A.2d 914 (1977). And an ordinance is "pending" when a governing body "proposes or resolves to consider a new zoning ordinance, makes the proposal open to public inspection and advertises that the proposal will be considered at a forthcoming public meeting." *Monroeville v. Effie's Ups and Downs,* 12 Pa. Commonwealth Ct. 279, 284, 315 A.2d 342, 345 (1974). It is clear from the facts in this

case, however, that Ordinance 139 was not available for public inspection, and had not even been written on the date of Provincial's application. Clearly, it cannot be considered a pending ordinance.

With respect to the constitutionality of the zoning ordinance, our Supreme Court has held in *Girsh Appeal,* 437 Pa. 237, 263 A.2d 395 (1970) that a zoning ordinance which fails to provide for multi-family housing is unconstitutional. And, in *Camp Hill Development Co. Inc. v. Zoning Board of Adjustment,* 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1974), we held that the *Girsh* principle applied equally to a failure to provide for townhouses. The Township argues here that nowhere in the ordinance is there a prohibition of townhouses. We believe, however, that the Township's distinction between a specific prohibition and a failure to provide is immaterial. In *Berger, supra,* we held that "the ordinance which fails entirely to provide for a needed and desired kind of residential use is exclusionary and as a consequence unconstitutional," 31 Pa. Commonwealth Ct. at 390, 376 A.2d at 298, and we previously held that townhouses are such a "reasonable, legitimate and recognized residential usage ... [which] must [be] provide[d] for. ..." *Appeal of Olson,* 19 Pa. Commonwealth Ct. 514, 520, 338 A.2d 748, 751 (1975). The Township further contends that townhouses are permitted in two of its districts (A-1 Garden Apartments and A-2 Apartments) and as a matter of fact that townhouses already exist in the A-1 district. Even if true, however, those circumstances would not cure the defect in the ordinance, *i.e.,* the failure to provide for townhouse development as a matter of right. *Dublin Properties v. Board of Commissioners,* 21 Pa. Commonwealth Ct. 54, 342 A.2d 821 (1975). An examination of the Township's zoning ordinance reveals no definition of "townhouse" nor does

it provide for a zoning district which allows for such structures. In addition, side yards are required in all residential districts. The A-1 garden apartment district section provides not only for garden apartments but also for any use permitted in an A residential district (single-family detached dwellings). The lower court found the provisions pertaining to garden apartments to be inconsistent with the construction of townhouses and specifically that the provision of the ordinance that "underground conduits are to be owned and maintained by the *owners* . . . clearly indicate.[d] that the ordinance was intended to provide for commonly owned apartment buildings, not individually owned townhouses." The court below likewise concluded that townhouses were not a permitted use in the A-2 Apartment district,[2] and the ordinance governing this district contains the same language relating to underground conduits as that for the A-1 district and in addition makes provisions for elevators. For these reasons the court below held that "it is obvious from the framework of this ordinance that the intent of the drafters was to provide for mid-rise apartments, not townhouses." We agree.

The Township has attempted also to justify its denial of Provincial's curative amendment on the grounds that the construction of the townhouses proposed by Provincial would be injurious to the public health, safety, welfare and morals of the Township residents. Our Supreme Court has held, however, in *Surrick v. Zoning Hearing Board,* 476 Pa. 182, 188, 382 A.2d 105, 108 (1977), that:

---

[2] Apartment house is defined in the ordinance as "a detached dwelling occupied by three (3) or more families, each living independently of the other." The ordinance also defined a "single family semi-detached dwelling" and a "duplex dwelling" but there was nowhere within the township where such structures could be built.

In reviewing zoning ordinances, this Court has stated that an ordinance must bear a substantial relationship to the health, safety, morals or general welfare of the community. Thus, without expressly labeling it as such, this Court has employed a substantive due process analysis in reviewing zoning schemes and has concluded implicitly that exclusionary or unduly restrictive zoning techniques do not have the requisite substantial relationship to the public welfare. (Citations omitted.)

We will, therefore, affirm the order of the court below.

ORDER

AND Now, this 5th day of January, 1979, the order of the Court of Common Pleas of Montgomery County at No. 76-13899 is affirmed.