Greenwood Township, a municipal corporation, Appellant v. Kefo, Inc., a Pennsylvania corporation, Appellee.

Argued May 5, 1980, before Judges WILKINSON, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*E. Max Weiss, Culbertson, Weiss, Schetroma & Schug*, for appellant.

*Theodore H. Watts, Pepicelli and Pepicelli*, P.C., for appellee.

OPINION BY JUDGE CRAIG, June 26, 1980:

Greenwood Township (township) appeals from the May 29, 1979 order of the Court of Common Pleas of Crawford County in the declaratory judgment action of appellee KEFO, Inc. (KEFO), which order declared Greenwood Township Ordinance No. 77-3 in-

valid as unreasonable, unduly repressive and exclusionary.

In March, 1977, KEFO had made public its intention to develop a sanitary landfill in the township. Soon thereafter the township supervisors began steps toward enactment of an ordinance regulating solid waste processing and disposal in the township; after several public meetings attended by KEFO and township representatives, the supervisors gave public notice of intent to consider adoption of the ordinance. On June 28, 1977, the supervisors enacted the ordinance, making it unlawful to operate a solid waste processing or disposal site without a township permit, obtainable only by meeting a number of stated requirements, and also establishing administrative and enforcement procedures and penalties for violation.

KEFO filed its petition for declaratory judgment in January, 1978, pursuant to the Uniform Declaratory Judgments Act (Act) and its supplements (supplemental Act),[1] challenging the validity of the ordinance on numerous grounds and seeking a declaration that the ordinance is invalid.

Initially before us is KEFO's motion to quash the township's appeal, based upon the township's failure to file exceptions to the trial court's order within 10 days thereof, as would be appropriate under Pa. R.C.P. No. 1518 relating to equity practice, which is applicable because Section 6 of the supplemental Act, *formerly* 12 P.S. §852, provides that, in declaratory judgment actions without a jury trial, "all issues of facts, as well as those of law, may be determined and found by the Court, subject to exceptions and appeal, as in equity cases."

---

[1] Act of June 18, 1923, P.L. 840, §§1-16, *as amended, formerly,* 12 P.S. §§831-846, and its supplemental Act of May 22, 1935, P.L. 228, §§1-7, *as amended, formerly* 12 P.S. §§847-853, both repealed by the Act of April 28, 1978, P.L. 202, No. 53, effective June 27, 1978.

The lower court order here was not in decree nisi form referable to exceptions, as is appropriate in equity. It stated simply:

AND NOW, May 29, 1979, Greenwood Township Ordinance No. 77 [sic] is declared invalid.

The Supreme Court has addressed a similar situation. In *Commonwealth v. Derry Township*, 466 Pa. 31, 351 A.2d 606 (1976), that court noted that, as here, the "order contains no findings of fact, no conclusions of law, nor any language which would indicate that the order is a decree nisi, or that the parties were required to file exceptions to perfect a right of appeal." 466 Pa. at 41, 351 A.2d at 611. The court went on to say:

There is nothing on the face of the order which would indicate that it is anything other than a final order and, as such, the requirements of Rule 1518 are not applicable. When the court's order neither comports with the requirements of Rule 1517 nor indicates on its face that the order is a decree nisi, it should not be presumed that exceptions must be filed in order to preserve a right of appeal.

466 Pa. at 41-2, 351 A.2d at 611.

In view of that decision, and this court's decision in *Watson v. City of Sharon*, 45 Pa. Commonwealth Ct. 285, 406 A.2d 824 (1979), we will not deny the township its appellate rights. We will deny the motion to quash.

A second procedural problem in this case has been eliminated by township counsel's withdrawal, at argument, of the claim that a declaratory judgment proceeding does not lie here.

Turning to the merits of the appeal, we note that the controversy here centers on paragraphs 5 and 6 of Section IV of the ordinance, which establish dis-

tance criteria for permissible landfill operations as follows:

Section IV Prohibited Acts

It shall be unlawful for any person, municipality, County or authority to:

. . . .

5.  To operate a solid waste processing or disposal area and dispose, keep, place, store or bury, solid waste on land:

 a.  Having a boundary within 500 feet of any industrial or commercial plant, structure, or improvement.

 b.  Having a boundary within 1000 feet of any residence.

 c.  Having a boundary within 750 feet of any creek, stream, well or other body of water.

6.  To operate a solid waste processing or disposal area and dispose, keep, place, store or bury, solid waste on land where the actual disposal operation occurs:

 (a)  Within 1500 feet of any industrial or commercial plant, structure, or improvement.

 (b)  Within 2000 feet of any residence.

 (c)  Within 1500 feet of any creek, stream, well or other body of water.

 (d)  Within 1000 feet of the cartway of any public road.

There is no dispute that those limitations would preclude the issuance of a permit to KEFO for the

site contemplated. Testimony indicated that nine parcels in the township, from one to twenty-five acres in size, would satisfy the criteria. However, engineering testimony was advanced to show that even the two largest of those sites were not of feasible size. That testimony indicated that 50 acres is a minimally appropriate size.

The record makes it apparent that the supervisors made no independent evaluations of KEFO's proposal or of landfills generally, nor did they consult any experts in formulating the ordinance. Testimony by one of the supervisors revealed that they referred to a plan of KEFO's proposed site in drafting the distance restrictions, and also that they had not referred to any technical standards involving landfill operations. He further testified that he was aware at the time the distances were set out that their application would completely eliminate the proposed site.

The lower court stated that "it was obvious . . . that Ordinance 77 [sic] was drafted and keyed to stopping KEFO from constructing the proposed landfill at the site in question, and that the distance restrictions were made so restrictive that operation of a sanitary landfill anywhere in the township was an impossibility."

The trial court thus found, and we agree, that the distance requirements effect a *de facto* exclusion of landfill operations from the township.

The distance requirements here are similar to the 1000 and 500-foot setbacks, for mushroom houses, condemned in *Eller v. Board of Adjustment of London Britain Township*, 414 Pa. 1, 198 A.2d 863 (1964). Here the effective total exclusion of landfills from Greenwood Township is an invalidating aspect because it does not have a necessary or reasonable relationship to the police power purposes of the regula-

tion. *Gambone v. Commonwealth*, 375 Pa. 547, 551, 101 A.2d 634, 636-37 (1954).

In evaluating the exclusionary impact here, we find *General Battery Corp. v. Zoning Hearing Board of Alsace Township*, 29 Pa. Commonwealth Ct. 498, 371 A.2d 1030 (1977), persuasive by analogy. There this court concluded that "waste disposal facilities under the diligent control of the Department [of Environmental Resources] do not embody a use, the total exclusion of which appears prima facie to be designed to protect the public health, safety and welfare." 29 Pa. Commonwealth Ct. at 502, 371 A.2d at 1032.

Facing the necessity of justifying a total exclusion, the township failed to show in any way how the severe requirements of the ordinance would be substantially related to the protection of the public health, safety and welfare. Even giving consideration to aesthetics under the police power, the lower court properly concluded that the township "has failed to show how restrictions of from 1,000 to 2,000 feet from the roads, industrial plants and dwellings will safeguard threatened aesthetics."

We must, however, conclude that the court below erred in declaring the ordinance invalid not only as to the distance criteria, but in its entirety, including provisions regulating operations. The township contends that the lower court "ignored" or "overlooked" the ordinance's severability clause; KEFO counters with the proposition that the township waived that objection by failing to raise it before the lower court. However, the record reveals that only the invalidated distance limitations were truly brought to issue by KEFO and addressed below. KEFO did not implement its attack upon the constitutionality of the ordinance except in relation to the distance criteria. Therefore, the status is not so much the absence of an

"objection" by the township as it is the absence of a record to support the invalidation of the remainder of the ordinance.

The possible severability of provisions of the ordinance is always germane because the Statutory Construction Act of 1972, at 1 Pa. C.S. §1925, provides:

> The provisions of every statute shall be severable. If any provision of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provisions to other persons or circumstances, shall not be affected thereby, unless the Court finds that the valid provisions of the statutes are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

Rules of statutory construction are applicable to statutes and ordinances alike. *Appeal of Neshaminy Auto Villa Ltd.*, 25 Pa. Commonwealth Ct. 129, 358 A. 2d 433 (1976). Thus, because the lower court did not make the finding required by 1 Pa. C.S. §1925, the basis for invalidating the complete ordinance is not present.

Our conclusion should not be understood to constitute our imprimatur as to the validity of the balance of the ordinance.

Accordingly, we will affirm the order appealed from only insofar as it declares paragraphs five (5) and six (6) of Section IV of Greenwood Township Ordinance No. 77-3 invalid, and we will otherwise re-

verse and remand for such further proceedings as KEFO may elect to pursue. Of course, KEFO has the option of now seeking a permit free of the distance criteria here invalidated but subject to the other ordinance requirements (and subject to any other applicable laws, such as a zoning ordinance, if any) if it does not desire to prolong the litigation as to the ordinance provisions remaining.

## ORDER

AND Now, this 26th day of June, 1980, appellee's motion to quash is denied, and the May 29, 1979 order of the Court of Common Pleas of Crawford County, at No. 160 February Term, 1978, is affirmed insofar as it declares paragraphs 5 and 6 of Section IV of Greenwood Township Ordinance No. 77-3 invalid; otherwise, that order is reversed and this case is remanded for proceedings in accordance with the opinion herein.