# Serafini v. Taylor Borough Council

*James Gilotti,* for plaintiff.
*Lawrence Moran,* for defendant.

WALSH, *J.*, April 24, 1985—This matter is before the court by way of an appeal from the failure of the Taylor Borough Council to amend the Taylor Zoning Ordinance to provide for sanitary landfills as a permitted use. Appellant argues that the zoning ordinance is illegally exclusionary with respect to landfills and, therefore, the borough councils' failure to amend should be reversed and the council should be ordered to issue a landfill permit for the premises which she owns.

The procedural facts relevant to the matter are as follows: appellant filed an application for a curative amendment to the Taylor Zoning Ordinance with Taylor Borough Council (hereinafter council) on June 20, 1984. In this application, appellant challenged the validity of the ordinance and sought an amendment which would designate sanitary landfills as a permitted use in the S-1 (special use)

zoning district. The request was deemed denied since council failed to act on it within the requisite 30 day period as provided by 53 P.S. §11004(1). Appellant then filed the appeal presently before this court.

The relevant substantive facts are: The Taylor Borough Zoning Ordinance makes no provisions for the operation of sanitary landfills, however, there are two landfills in Taylor, one of which is presently operating within the territorial boundaries of the borough. The Amity Landfill is operational and licensed to accept the same type of waste (i.e. residential waste), which appellant proposes to accept if granted permission. The Bichler Landfill, which accepts demolition waste, has not been in operation for over a year. Appellant claims that as a result of this, Bichler could lose its right as a non-conforming use and be barred from further operations. Appellant further contends that the Amity landfill has a limited remaining life and that this negates the argument that the borough has its fair share of landfills.

The basic issue presented is whether the failure of the Taylor Zoning Ordinance to designate sanitary landfills as a matter of right constitutes illegal exclusionary zoning.

A zoning ordinance is generally presumed to be valid. However, this presumption is overcome where a party shows a total exclusion of a legitimate use. General Battery v. Zoning Hearing Board of Alsace Township 29 Pa. Commw. 498, 371 A.2d 1030 (1977). Once a total exclusion is established, the burden shifts to the municipality to demonstrate the justification for the prohibition. Borough Council of Churchill v. Pagal, Inc. 74 Pa. Commw. 601, 460 A.2d 1214. (1983). A total exclusion of a particular business must bear a more substantial relationship

to the health, safety, morals and general welfare of the public than an ordinance which merely confines the operation to specified areas. Beaver Gas Inc. v. Osborne Boro. 445 Pa. 571, 285 A.2d 501 (1971).

The distinction between a prohibition of a particular use and a failure to provide for a specific use is inconsequential. As was noted in Girsh Appeal, 437 Pa. 237, 263 A.2d 395 (1970), the constitutionality of a zoning ordinance which totally prohibits a legitimate use or fails to provide for such uses [Emphasis added] should be regarded with particular circumspection. Id. at 242, 263 A.2d at 397. (also cited with approval in Beaver Gas, supra.) In Lower Gwynedd Twp. v. Provincial Investment Co. 39 Pa. Commw. 546, 395 A.2d 1055 (1979), this argument was also rejected when the court stated that ". . . the township's distinction between a specific prohibition and a failure to provide is immaterial". Id. at 1057.

Appellee makes various arguments that the operations of a sanitary landfill is not a legitimate use. However, the court finds that the legitimacy of the operation of a sanitary landfill was decided in Moyer's Landfill, Inc. v. Zoning Hearing Bd. of Lower Providence Twp. 69 Pa. Commw. 47, 450 A.2d 273 (1982). In that case the Commonwealth Court held that a zoning ordinance which totally prohibited the use of land for the conduct of the legitimate business of operating sanitary landfills, was unconstitutional. Id at 278. The court also stated in General Battery, supra. and Greenwood Twp. v. Kefo, Inc. 52 Pa. Commw. 367, 416 A.2d 583 (1980), that waste disposal facilities do not constitute the type of use which can be excluded on a claim that it is prima facie designed to protect the public health, safety and welfare. Also the Commonwealth Court noted in General Battery, supra:

". . . we conclude that waste disposal facilities do not have the obvious potential for polluting air or water or otherwise creating uncontrollable health or safety hazards. Nor do common knowledge and experience suggest other clearly deleterious effects which would be visited upon the public in general." 29 Pa. Commw. at 502-503, 371 A.2d at 1032.

Also stated in footnote 4 in Moyer's Landfill, supra, at page 278, "The township does not contest the legitimacy of the business of the operating sanitary landfills, nor could such a contest prevail. Sanitary landfills are the subject of more than 200 pages of D.E.R. regulations appearing at 25 Pa. Code §75.1 et seq."

Having determined that the operation of a sanitary landfill is not objectionable by nature and hence may not be totally excluded, the next issue for the court's determination is whether the borough has sufficiently justified this exclusion.

The borough's opposition to appellant's proposed curative amendment is based on two theories, to wit: (1) that the borough has its "fair share" of sanitary landfills; and (2) that any additional landfills in the borough would present a threat to the health, safety and welfare of its residents.

As to the first contention, the court finds that it is inapplicable to the facts of the case. Where there is a total exclusion on the face of an ordinance, the existence of non-conforming uses is merely an element in determining whether the municipality has met its initial burden of proving a justifiable exclusion. See, Township of Paradise v. Mt. Airy Lodge, Inc. 68 Pa. Commw. 548, 449 A.2d 849 (1982). In this case, the township sought to justify the exclusion of quarrying by using the "fair share" rationale and pointing to the operation of two such non-conforming uses. The Commonwealth Court found the

"fair share" argument irrelevant where a facial exclusion of a legitimate use exists and noted that the existence of non-conforming uses is only a factual element to be considered in deciding if the exclusion is justified. Id. at 852.

However, more importantly, the present case is not about housing needs where the issue is whether the ordinance evidences the municipality's purpose not to accept its fair share of the area's residential needs. That subject is discussed fully in Surrick v. Zoning Hearing Board of Upper Providence Township, 476 Pa. 102, 382 A.2d 105 (1977).

The issue in our case is that of the exclusion of a legitimate business use. Such a proscription may stand only where a total ban of a legitimate business use has a substantial relationship to public health, safety and general welfare.

While every municipality does not have to make provision for every type of residential or commercial use, to exclude a legitimate use, the municipality bears a heavy burden. The only case found that permitted the exclusion of a legitimate use [junk yards] was Schuster v. Plemstead Township Zoning Hearing Board 69 Pa. Commw. 271, 450 A.2d 799 (1982). In that case there was expert evidence that the use would adversely affect the water supply in the township and the township water supply was met solely from well water. However, the law does state that a zoning ordinance which permits landfills, but only if operated by a municipality or a municipal authority is valid because there is no total prohibition of the use. Kavanaugh v. London Grove Grove Township, 33 Pa. Commw. 420, 382, A.2d 148 (1978).

The next issue for determination is whether the operation of an additional landfill in the Taylor Bor-

ough would pose a threat to the health, safety and welfare of its residents.

Initially, the court would like to note that the existence of the Amity and Bichler Landfills does not lower the borough's burden of proof. (It should also be pointed out that the Bichler Landfill is not presently operating and could possibly lose its status as a non-conforming use). As the court in Township of Paradise v. Mt. Airy, supra. noted, non-conforming uses do not exist as a matter of right and, therefore, cannot be used by a municipality to shift its "initial burden" after an applicant has established that a total prohibition exists on the face of an ordinance. Id. at 853, fn. 9.

In analyzing the public interest to be protected and whether that interest is important enough to justify a total exclusion, several points must be articulated. First, the possibility that an activity might have some detrimental effects, does not justify a total exclusion of that activity. Township of Paradise, supra. at 854. Armitage Appeal 39 Pa. Commw. at 415, 395 A.2d at 680. General Battery, supra, 371 A.2d at 1032. Second, zoning provisions may not be used to avoid the responsibilities and economic hardships that are inherent with time and natural growth. Township of Paradise, supra, at 854. Furthermore, mere aesthetic objections are insufficient to sustain the constitutionality of a restriction on use. Exton Quarries, Inc. v. Zoning Bd. of Adjustment 425 Pa. 43, 65 (1967).

The transcript of the meetings on appellant's proposed curative amendment contains the testimony of various individuals, both expert and non-expert. The court finds the following testimony relevant:

"On August 16, 1984, the first public hearing was held on the proposed amendment. James Sposito testified in his capacity as appellant's attorney. He

indicated that the proposed site would be used for non-hazardous commercial waste. He also testified that the site was presently an abandoned strip mine area that he deemed "dangerous", "an eye sore", "isolated", and "in no way in any close proximity to any residents,[1] church or school." p. 19.

Mr. Louis Serafini, speaking on behalf of his daughter, appellant, reiterated Attorney Sposito's testimony as to the dangerous condition of the proposed site which contains very steep pits and also deemed the area isolated and about a half mile from any residence. p. 64. It was also indicated by Mr. Serafini that the site could not be seen from the Pennsylvania Turnpike because of the foliage. p. 102. There was also testimony from Mr. Serafini that several borough officials had approached him to sell the property to the borough so that it could operate a landfill, pp. 63, 69-70, and also that the borough had used the proposed site to dump waste free of charge from 1966 to 1972. p. 58-59. Additionally, the City of Scranton had also dumped waste there from May, 1972 until April, 1973. p. 59.

Mr. William McDonnell, the Regional Solid Waste Operation's Supervisor for the Pennsylvania Department of Environmental Resources, testified at the August 27, 1984 meeting that: "[A]ctual complete compliance with [the DER Regulations] can reduce any proposed hazards which the regulations are written to eliminate." p. 26. He also testified that a sanitary landfill could disturb the tranquility of the area, give off noxious odors, and has the potential to poison the air and water. pp. 27-28. However, he attributed these same potentials to automobiles and testified as to statutory safeguards that exist to prevent the occurrence of the potential dangers attrib-

---

1. This probably should read "residence".

utable to landfill operations. p. 37. He further stated that he presently does not have enough inspectors, to his satisfaction, to get to the sites with frequency that he thinks is safe, p. 34, but also opined that there is a shortage of landfills in Northeastern Pennsylvania.

After reviewing the testimony taken at the hearings, and the briefs of counsel, the court finds that the Borough of Taylor has failed to sufficiently justify its exclusion of sanitary landfills. Accordingly, it is the directive of this court that appellant be granted a permit for operating a sanitary landfill for the disposal of non-hazardous waste with the proviso that she must comply with any applicable administrative requirements and laws, especially D.E.R. See Commonwealth Penn DOT v. Limestone Products Supply Co. 456 A.2d at 706, Casey v. Zoning Hearing Bd. of Warwick Twp. 459 Pa. 219, 328 A.2d 464 (1974), Moyer's Landfill.

Finally, the court would briefly like to address the issues of res judicata and collateral estoppel raised in appellant's brief, although not addressed by appellee.

Apparently, the borough informed appellant that her request for rezoning, made prior to the application for a proposed curative amendment, operated as a substantive challenge to the ordinance and thus gave rise to the application of res judicata. Appellant requested a rezoning of her land, by letters dated February 15 and March 2, 1984. On June 20, 1984, appellant filed an application for a curative amendment and a hearing was held on the matter on August 16, 1984. A deemed denial occurred 30 days thereafter and appellant appealed therefrom on October 10, 1984.

The letters requesting a rezoning of appellant's land were simply that — requests for rezoning; they

did not constitute an application for a curative amendment nor did they allege unconstitutional exclusionary zoning. In Bd. of Commissioners of McConadless Twp. v. Beho Development Co., Inc. 16 Pa. Commw. 448, 332 A.2d 848 (1975), the court addressed a similar issue regarding a letter requesting rezoning and a later application for a curative amendment. The court held that the letter was not "a challenge to the validity of an ordinance" and further noted that "the refusal of a municipal governing body to rezone is not subject to review by this or any other court [but that] a landowner who desires to challenge the validity of an ordinance on substantive grounds, may submit his challenge directly to the governing body with a subsequent right of appeal to the local court of common pleas. Id. at 851.

Consequently, the court finds that the doctrines of res judicata or collateral estoppel are not applicable to this matter.

The court sympathizes with borough councils' concern for the general welfare of its residents. It also understands its concern about the inconveniences of a sanitary landfill. However, the court cannot deprive the owner of land a legitimate use of her land because of the possible danger if a regulatory body such as DER does not fulfill its legislative mandate.

## ORDER

Now, this April 24, 1985, the court finds that the Zoning Ordinance of Taylor Borough is illegally exclusionary with respect to landfills, and directs that the Zoning Authorities of Taylor Borough issue a zoning permit for the operation of a sanitary landfill on the premises of appellant. Said landfill is to be operated and conducted in accordance with all applicable laws.