517 A.2d 1378

WMI Properties, Inc., Appellant *v.* Falls Township Zoning Hearing Board, Appellee.

252

Argued September 9, 1986, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Fred P. Bosselman,* with him, *Edward F. Ryan* and *Mark E. Burkland, Burke, Bosselman & Weaver,* and *William J. Carlin* and *John P. Koopman, Begley, Carlin & Mandio,* for appellant.

*John W. Donaghy,* with him, *James J. Auchinleck, Curtin and Heefner,* for appellee.

OPINION BY JUDGE CRAIG, November 18, 1986:

WMI Properties, Inc. (WMI) appeals an order of the Court of Common Pleas of Bucks County affirming

the Falls Township Zoning Hearing Board's denial of WMI's application for a sanitary landfill use. This court's decision must be to reverse and remand.

The salient question is whether the township zoning ordinance is invalidly exclusionary for failure to make provision for sanitary landfills as a land use, particularly in view of the fact that WMI itself presently conducts a sanitary landfill use on land adjacent to the parcel covered by the application.

Because the trial court took no evidence beyond that received by the zoning hearing board, judicial review—as the trial judge recognized—must look to the findings and record of the zoning hearing board for the facts, confining the judicial scope of review to determining if the board has committed an abuse of discretion or an error of law. *Williams v. Salem Township*, 92 Pa. Commonwealth Ct. 634, 500 A.2d 933 (1985).

According to the board's explicit findings of fact, WMI has been operating on a 155-acre parcel presently zoned SL District, the only sanitary landfill now functioning in Falls Township. Because that facility is approaching its capacity, it had only approximately eighteen months of further use left as of August 21, 1985, which was the date when WMI filed its application for sanitary landfill use upon an adjacent 78-acre parcel (the subject property). That application is the one at issue in this case.

Originally zoned as HI Heavy Industrial District under the zoning ordinance, the subject property in 1976 was rezoned into high-, medium- and low-density planned residential classifications, which constitute its current zoning. The subject property remains undeveloped vacant land.

As the zoning hearing board's brief confirms, WMI's existing sanitary landfill has been in continuous operation on the 155-acre parcel since approximately 1972.

According to the record, Warner Company owned the landfill at that time and operated it until WMI took over as successor owner in 1981.

According to the record, the present landfill, as it has now existed for more than a decade, is a very substantial sanitary landfill operation, having a leachate treatment plant associated with it, and receiving refuse from a number of municipalities in the region.

The board's conclusions of law included a determination that the zoning ordinance does not unconstitutionally exclude sanitary landfills in Falls Township, but provides for a fair share of sanitary landfill use and need not provide for any more.

Although the township's zoning apparently classified the existing sanitary landfill as a permitted use during its early years, the SL classification, which applies to the present landfill site, was adopted after the township's promulgation of its 1975 comprehensive plan. The pertinent SL provision reads as follows:

§209-32.   SL Sanitary Landfill District Regulations.

. . . .

B.   Sanitary landfill operations shall be permitted *only for the purpose of reclaiming land for ultimate use,* and immediately upon the voluntary or involuntary cessation of landfill operations, the land shall immediately revert to HI classification. (Emphasis added.)

The foregoing provision clearly does *not* give permitted use status to a sanitary landfill operation which, like the present one, is conducted for the primary purpose of refuse disposal. The above-quoted provision plainly authorizes sanitary landfill operations "only for the purpose of reclaiming land for ultimate use," that is, only as a use which is temporary, subordinate to land reclamation and merely preliminary to some "ultimate use" of a

different nature. Accordingly, as a matter of law, the existing sanitary landfill use, on the 155-acre parcel, is a legal nonconforming use, because it has long been a full-fledged sanitary landfill, not the limited and subordinate activity allowed by the SL provision.

Because neither the above SL District provision, nor any other district category or provision of the zoning ordinance contains an absolute or conditional use authorization for regular sanitary landfills conducted with refuse disposal as their central purpose, the facts of *Moyer's Landfill, Inc. v. Zoning Hearing Board of Lower Providence Township,* 69 Pa. Commonwealth Ct. 47, 450 A.2d 273 (1982), *cert. denied,* 105 S.Ct. 2325 (1985), are, as the trial judge stated in this case, "strikingly similar to this one." (R.R. 1429a.)

In *Moyer's Landfill,* this court's substantive decision was:

> In short, because the zoning ordinance totally prohibited the use of land for the conduct of a legitimate business of operating a sanitary landfill, and because the township failed to prove that the ordinance bore a substantial relationship to health, safety, and welfare, it was unconstitutional. It follows that Moyer is entitled to the definitive relief of an order directing that its requested zoning permit be issued.

69 Pa. Commonwealth Ct. at 58-9, 450 A.2d at 278.

In the *Moyer's Landfill* case, the applicant also operated a landfill within the municipality as a nonconforming use. The trial judge in the present case correctly summarized the pertinent effect of *Township of Paradise v. Mt. Airy Lodge, Inc.,* 68 Pa. Commonwealth Ct. 548, 449 A.2d 849 (1982), as follows:

> [I]n view of the fact that nonconforming uses do not exist as a matter of right, they cannot be used by a municipality to shift its initial burden

of proving constitutionality after an applicant has established that a total prohibition exists on the face of the ordinance. The fact that a municipality has permitted a particular land use does not cure the defect in the ordinance where the ordinance does not provide specifically for that land use. Township of Paradise v. Mt. Airy Lodge, Inc., supra, n. 9. Therefore, in Moyer's, the ordinance provided a complete and total exclusion of landfill usage, and the fact that there was some usage by a nonconforming use, did not work a cure of the ordinance. (R.R. 1429a.)

In so stating, the trial court well and succinctly expressed the legal principles which govern here. The trial court's only departure from the correct legal characterization was its determination, with respect to the existing landfill operation of WMI on the 155-acre parcel, that such "usage as a sanitary landfill is a permissible one." As noted above, even though Warner Company's landfill operation may have commenced as a permitted use in the early 1970's, there is no doubt that the present regular sanitary landfill operation by WMI is neither permitted nor in conformity with the SL restrictions, which tolerate a sanitary landfill only when incidental to the reclamation of land for some other ultimate use.

As in the *Moyer's Landfill* case, where the township neither contested the legitimacy of landfills as a use nor met the burden of proving that a total exclusion of landfills was justified by a substantial relationship to health, safety and welfare, Falls Township in this case has not claimed or proved either of those justifications for the total exclusion which appear on the face of this zoning ordinance. As we stated in *General Battery Corporation v. Zoning Hearing Board of Alsace Township*, 29 Pa. Commonwealth Ct. 498, 371 A.2d 1030 (1977),

"waste disposal facilities under the diligent control of the Department do not embody a use, the total exclusion of which appears prima facie to be designed to protect the public health, safety and welfare." 29 Pa. Commonwealth Ct. at 502, 371 A.2d at 1032. In the absence of a demonstration that the exclusion bears a substantial relationship to the public health, safety and general welfare, the law invalidates the ordinance as a barrier and requires the affording of a remedy. *Beaver Gasoline Co. v. Osborne Borough,* 445 Pa. 571, 285 A.2d 501 (1971); *Exton Quarries v. Zoning Board of Adjustment,* 425 Pa. 43, 228 A.2d 169 (1967).

The legal conclusion mandated by this record makes unnecessary any exploration of WMI's further claim, that use of the 78-acre subject property for a landfill should be authorized by way of a validity variance, sought by WMI on the basis that residential development of that parcel is not reasonably possible.

The exclusionary effect of this ordinance's legal failing—the absence of any provision for regular sanitary landfill uses—brings into play section 1011 of the Pennsylvania Municipalities Planning Code (MPC),[1] which provides that, where a municipality has not met the statutory and constitutional requirements for nonexclusionary zoning, the court, under subsection (2), may give specific relief in that the court "may order the described development or use approved as to all elements or it may order it approved as to some elements and refer other elements to the governing body . . . for further proceedings, including the adoption of alternative restrictions, in accordance with the court's opinion and order." With respect to the framing of that relief, the subsection lists factors to be considered and provides that the court "may hold a hearing or hearings to re-

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11011.

ceive additional evidence or employ experts . . . to frame an appropriate order."

Accordingly, the order of the Court of Common Pleas of Bucks County is reversed, and this case is remanded to that court for the allowance of relief, authorizing the use of the subject property for a sanitary landfill in accordance with all applicable laws and regulations, pursuant to the procedures of MPC section 1011.

ORDER

Now, November 18, 1986, the order of the Court of Common Pleas of Bucks County, at No. 85-09135-05-5, dated May 7, 1986, is reversed and this case is remanded to that court for the allowance of relief to the appellant, authorizing the use of the property described in the application for a sanitary landfill in accordance with all applicable laws and regulations, pursuant to the procedures of section 1011 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11011.

Jurisdiction relinquished.