## Kaplan v. The Zoning Board of Dingman Township

*Jack G. Linshaw,* for appellant.

*Thomas Earl Mincer,* solicitor to the Dingman Township Zoning Hearing Board.

*John Klemeyer,* attorney for Dingman Township.

THOMSON, *P.J.,* July 3, 1995—Elaine Kaplan, appellant, appeals from the Zoning Hearing Board of Dingman Township's denial of her application to construct a heliport on her property. We affirm.

Elaine Kaplan owns a 74 acre parcel in Dingman Township, Pike County, Pennsylvania. Ms. Kaplan and her husband plan to build a primary residence on the lot. On August 30, 1994, appellant applied for permission to construct a heliport on the property. Appellant's husband desires to use a helicopter to commute to and from his place of employment in South Kearny, New Jersey.

Ms. Kaplan submitted her zoning application to the Dingman Township Zoning Officer. A heliport was a "use not provided for" under the Dingman Township Zoning Ordinance. Therefore, pursuant to section 105 of the ordinance, the application was referred to the Dingman Township Zoning Hearing Board. See *infra,* section 105 Dingman Township Zoning Ordinance.

The zoning hearing board held hearings on the plaintiff's application on October 3, 1994, February 9, 1995, and April 24, 1995. A sound test and site review was held on March 12, 1995. Testimony and evidence was closed on April 24, 1995, and the zoning hearing board voted unanimously to deny Ms. Kaplan's application. On April 26, 1995, the zoning hearing board entered its findings of fact and conclusions of law.

An appeal was timely filed to this court and we heard argument on the issues on June 19, 1995. We did not take additional evidence in this case. As such, our scope of review is limited. We may "only determine whether the board or the supervisors committed a manifest abuse of discretion or an error of law." *South Whitford v. Zoning Hearing Board,* 157 Pa. Commw. 387, 394-95, 630 A.2d 903, 907 (1993) citing *Mill Valley Associates v. Zoning Hearing Board of Tredyffrin Township,* 126 Pa. Commw. 340, 559 A.2d 985 (1989).

Appellant asserts that the zoning hearing board abused its discretion. Ms. Kaplan argues that her satisfaction

of the burden of proof under section 105 of the zoning ordinance requires the burden to shift to the Zoning Hearing Board of Dingman Township and the Board of Supervisors of Dingman Township appellees to show why her application should not be granted. Because we find that appellant has not met her burden of proof under section 105, we do not reach the issue of whether the burden shifts.[1]

Section 105 of the Dingman Township Zoning Ordinance, in pertinent part, reads as follows:

"Whenever, in any district established under this ordinance, a use is neither specifically permitted nor denied and an application is made by the property owner to the zoning officer for such use, the application shall be referred to the zoning hearing board which shall have the authority to permit the use, or deny the use. The use may be permitted if it is similar to and compatible with permitted uses in the district, and in no way in conflict with the general purpose and intent of this ordinance and the use is not permitted in any other district."

---

1. In her brief and during oral argument, appellant cited several cases dealing with special exceptions in her attempt to shift the burden of proof. "A special exception is a conditionally permitted use, legislatively allowed where specific standards and conditions detailed in the ordinance are met." *Lafayette College v. Zoning Hearing Board,* 138 Pa. Commw. 579, 583, 588 A.2d 1323, 1325 (1991). With a special exception, if the specific standards are met, the burden of defending a denial of the application shifts to the denying body. Section 305 of the Dingman Township Zoning Ordinance recognizes only the special exceptions of "public and semi-public uses." A heliport is a "use not provided for" as defined in section 105 of the ordinance and is governed by the burdens and standards set forth in that section. As such, the burdens and standards relating to special exceptions are inapplicable to the case at hand.

The parties agree that appellant has met the third element under section 105 in that "the use is not permitted in any other district." The zoning board concluded that Ms. Kaplan failed to prove the first two requirements of section 105. Because the record supports the zoning hearing board's conclusion, we find that it was neither an abuse of discretion nor an error of law for the board to deny the application.

Under section 105, appellant must first show that the heliport would be a use "similar to and compatible with permitted uses in the district." See *supra,* section 105 Dingman Township Zoning Ordinance. Appellant argues that a heliport is similar to and compatible with the permitted uses because it would comply with noise and safety requirements. However, these noise and safety considerations do not control the determination of the compatibility of the use.

The district in which the property is located has been zoned as an R-1 district, meaning a low-density residential district. Section 305 of the Dingman Township Zoning Ordinance lists the permitted uses in R-1 districts. The permitted uses are "single family dwellings, essential services, timber harvesting, churches, public schools, public parks and playgrounds." Section 305 Dingman Township Zoning Ordinance. Use of a heliport obviously is not "similar to" the permitted uses in the district at issue. Based on the testimony and evidence gathered at three hearings and a sound test at the proposed site, the zoning hearing board decided that helicopters and heliports are not "similar to and compatible with" the permitted uses. We find that the record amply supports that decision.

The second element of section 105 required appellant to prove that the heliport is "in no way in conflict with the general purpose and intent of this ordinance."

See *supra,* section 105 Dingman Township Zoning Ordinance. Section 102 of the Dingman Township Zoning Ordinance sets forth the "purpose" of the ordinance:

"This ordinance is created for the purposes of promoting and protecting the public health, safety and morals and general welfare; coordinated and practical community development; proper density of population; adequate light and air; necessary police protection, vehicle parking and loading space, transportation, water, sewage, schools, public grounds, and other public requirements as well as preventing overcrowding of land, blight, traffic congestion and hazards, loss of health, life or property from fire, flood, panic or other dangers."

In its conclusions of law, the zoning hearing board stated that the heliport "conflicts with the general purpose and intent of the Dingman Township Ordinance." The record supports this decision. Helicopter travel over a residential district obviously conflicts with the goal of "preventing . . . traffic . . . hazards." See *supra,* section 102 Dingman Township Zoning Ordinance. The zoning hearing board may have also believed that the use contradicted the promotion and protection of the general welfare of the residents of the district.

The zoning board's decision to deny the application has support in decisions of the appellate courts. The Commonwealth Court in *Appeal of Green & White Copter Inc.,* 25 Pa. Commw. 445, 360 A.2d 283 (1976), recognized the incompatibility of heliports in an R-2 residential district, reasoning that the "potential safety problems and disturbances to the tranquility of the area [caused by helicopter travel] are obvious. While air travel facilities are not nuisances per se, they may become nuisances in fact in a particular situation. Necessarily, the proposed [heliport] in this case would impinge upon the rights of neighboring landowners in

the use and enjoyment of their property." *Id.* at 450, 360 A.2d at 285.

The court in *Green & White Copter* concluded that "heliports, particularly in residential areas, embody a land use, the total exclusion of which appears prima facie to be designed to protect the public interest." *Id.;* See also, *South Whitford, supra* at 396, 630 A.2d at 908. The Commonwealth Court has also noted that *"Green & White Copter* . . . presents a clear basis for concluding that the total exclusion of substantial aviation facilities . . . from a largely residential township, can be accomplished without loss of the presumption of validity" of the ordinance. *Bluebell Associates v. Township Engineer for Whitpain Township,* 45 Pa. Commw. 599, 608, 405 A.2d 1070, 1073 (1979).

Having reviewed the record, we conclude that the appellees have not abused their discretion in denying Ms. Kaplan's application. Analysis of the relevant case law reveals that the zoning hearing board's decision was not an error of law. We therefore affirm the decision of the Dingman Township Zoning Hearing Board.

## ORDER

And now, July 3, 1995, upon consideration of plaintiff Elaine Kaplan's appeal from the decision of the Dingman Township Zoning Hearing Board's decision, briefs filed thereto, and argument held thereon, plaintiff's appeal is hereby denied.

Accordingly, the Dingman Township Zoning Hearing Board's denial of plaintiff Elaine Kaplan's application to construct a heliport on her property located in Dingman Township, Pike County, Pennsylvania is hereby affirmed.