A. William Csink and Raymond V. Ulrich, Appellants *v.* Whitpain Township and Board of Supervisors of Whitpain Township, Appellees.

Argued April 8, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MACPHAIL and WILLIAMS, JR. Judge BLATT did not participate.

150

*J. Peirce Anderson, Kane, Pugh, Anderson, Subers & McBrien,* for appellants.

*Marc B. Kaplin, Lesser & Kaplin, P.C.,* for appellees.

OPINION BY JUDGE WILKINSON, JR., May 6, 1980:

This zoning case presents an appeal from the order of the Court of Common Pleas of Montgomery County dismissing the zoning appeal taken to that court. We affirm on the basis of the thorough and able opinion of Common Pleas Judge CIRILLO found at 106 Montg. 409 (1979).

Appellants are the owners of properties located in Whitpain Township (Township) and presently zoned "R-2 Residential". Pursuant to Sections 609.1, 910, 1004(1)(a) and (b) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10609.1, 10910, 11004(1)(a) and (b), appellants applied to the Township Supervisors for a curative amendment to the Township Zoning Ordinance to create a new zoning classification, "M-R Mid-rise Residential", and to rezone the appellants' properties to the new classification so as to permit construction of a six-story, 110-unit apartment

building on the premises. After six public hearings the Supervisors rejected appellants' requests. A zoning appeal was filed with the court of common pleas. By its order the court below dismissed the zoning appeal and a companion motion to strike the Township's Findings of Fact and Conclusions of Law.

The primary issue before us is whether the zoning ordinance, which prohibits construction of any multi-family residential structure in excess of 25 feet in height, unconstitutionally excludes mid-rise apartments and those who would live in them. Our review of the record satisfies us that, as the opinion of the court of common pleas so well elucidates, appellants have failed to prove that their proposed structure is a unique type of recognized residential usage for which specific provision should be made in the zoning ordinance or that the preclusion of mid-rise apartments has excluded an identifiable economic or social group and thereby precluded the natural growth and movement of population. *See Surrick v. Zoning Hearing Board of Upper Providence Township,* 476 Pa. 182, 382 A.2d 105 (1977); *Appeal of Olson,* 19 Pa. Commonwealth Ct. 514, 338 A.2d 748 (1975).

Because we affirm the lower court's conclusion that the zoning ordinance does not unconstitutionally exclude mid-rise apartments, we need not address appellants' next issue, the application and constitutionality of the Act of October 5, 1978, P.L. 1067, which amended Section 1011 of the Code, 53 P.S. §11011, insofar as it concerns the remedial powers of courts hearing zoning appeals.

Accordingly, we will enter the following

ORDER

AND Now, May 6, 1980, the order of the Court of Common Pleas of Montgomery County in Civil No. 78-11023, dated April 27, 1979, dismissing the above cap-

tioned zoning appeal and dismissing the Motion to Strike Whitpain Township's Findings of Fact and Conclusions of Law from the Record, is affirmed.

Judge WILLIAMS, JR. dissents.