Board of Supervisors of Northampton Township, Appellant *v.* Herman L. Gentsch, Jr., Appellee.

Argued April 8, 1980, before Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MAC-PHAIL and WILLIAMS, JR. Judge BLATT did not participate.

*Theodore K. Warner, Jr.,* with him, *Robert C. Steiger,* for appellant.

*Gary A. Krimstock,* of *Clark, Ladner, Fortenbaugh & Young,* for appellee.

OPINION BY JUDGE MACPHAIL, May 21, 1980:

Herman L. Gentsch, Jr. (Appellee) filed an Application for Curative Amendment[1] with the Board of Supervisors of Northampton Township (Board) chal-

---

[1] The application was filed pursuant to Section 609.1 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, added by Section 609.1 of the Act of June 1, 1972, P.L. 333, 53 P.S. §10609.1.

lenging the township zoning ordinance because apartments were not provided for as a matter of right. The amendment proposed by the appellee would establish an R-4 district in which townhouses, garden apartments and mid-rise apartments[2] are permitted uses. The application further sought rezoning of a 45-acre tract, owned by Appellee, to R-4. The Board denied the request and Appellee filed an appeal to the Court of Common Pleas of Bucks County.

The lower court held that the Appellee had shown that mid-rise apartments constitute a separate residential usage and that the township's failure to provide for mid-rise apartments constitutes exclusionary zoning. The lower court upheld that Board's denial of the portion of the proposed amendment that sought townhouses and garden apartments because it found that such uses are provided for in the township ordinance. The court remanded the matter for issuance of permits as to the mid-rise apartments.

Appellee has not filed an appeal from the denial of townhouses and garden apartments. The Board appeals herein from the finding that the failure to provide for mid-rise apartments constitutes exclusionary zoning. We reverse.

The issues presented for our determination are 1) whether the Application for Curative Amendment reasonably informed the Board that the matter at issue included exclusion of mid-rise apartments, 2) whether mid-rise apartments are a separate classification of residential usage so that the failure to provide for such use constitutes exclusionary zoning, and 3) whether the lower court was required by Section 1011 of the Code, 53 P.S. §11011, to make certain specific findings before declaring the township ordinance invalid.

---

[2] Appellee defined mid-rise apartments as no more than five (5) floors in height.

## Application for Curative Amendment

The Board argues first that the Application for Curative Amendment filed by the Appellee does not raise the issue of the exclusion of mid-rise apartments but only challenges the alleged exclusion of all apartment use by the township ordinance. The Board contends that the lower court erred in considering the issue of mid-rise apartments as a distinct use.

Section 1004(2)(a) of the Code, 53 P.S. §11004(2)(a), requires that a request for a hearing on a challenge to the validity of a zoning ordinance shall "contain a short statement reasonably informing the board or the governing body of the matters that are in issue and the grounds for the challenge."

The application submitted by the Appellee challenged the ordinance because it "has no zoning classification . . . which would allow apartments as a matter of right." The Appellee further stated his intent to construct mid-rise apartment buildings (as well as townhouses and garden apartments) on his 45-acre tract, which is presently zoned R-1, single family detached dwellings.

While it is true that the application was not as clear as it might have been, a reading of the record discloses that the issue of mid-rise apartments as a separate use was fully litigated at the hearings conducted by the Board on this matter. In fact, the township presented its own evidence on the issue. Such full development at the hearings, coupled with the stated intent to build mid-rise apartments on the land in question, convinces us that the Board had reasonable notice of the issue.

## Exclusionary Zoning

The next issue presented is whether a township that has provided for apartment uses in its ordinance can impose reasonable restrictions on height.

The lower court held that mid-rise apartments are a recognized residential usage and must be provided for in a township ordinance if the ordinance is to pass constitutional muster. We cannot agree.

The rationale of the prohibition on exclusionary zoning may be stated as follows: a zoning ordinance must not have the effect of excluding persons and prohibiting their reasonable residential use of land. Municipalities cannot avoid the problems of a growing population by drafting zoning ordinances that are so restrictive as to maintain present population levels. *Township of Willistown v. Chesterdale Farms, Inc.,* 462 Pa. 445, 341 A.2d 466 (1975). *Concord Township Appeal,* 439 Pa. 466, 268 A.2d 765 (1970).

The thrust of Appellee's argument to the Board was that the township ordinance was defective because apartment use was not provided for as a matter of right, but only as Planned Residential Development. This contention is clearly wrong, *Benham v. Middletown Township Board of Supervisors,* 22 Pa. Commonwealth Ct. 245, 349 A.2d 484 (1975), and was rejected by both the Board and the lower court.[3]

The Appellee shifted the emphasis of his argument and contended before the lower court that mid-rise apartments are a separate and distinct usage and cannot be excluded.

This position, however, ignores the clear statement in *Girsh Appeal,* 437 Pa. 237, 263 A.2d 395 (1970), that a municipality can protect its attractive character by imposing reasonable height restrictions on apartment use. *Id.* at 245, 263 A.2d at 399.

---

[3] An issue that was raised before the lower court, but which is not before this Court, is whether the pending ordinance rule applies to Appellee's Application for Curative Amendment. While we do not reach that issue herein, it should be noted that a new zoning ordinance was adopted on April 6, 1977 and that the new ordinance provides for townhouses and apartments as a matter of right.

It is significant to note, and the Board does not dispute, that because the provisions of a zoning ordinance must be designed to protect such interests as public health, safety, and morals, Section 604 of the Code, 53 P.S. §10604, a height restriction that serves no such purpose may be subject to legal attack. *Pittsburgh v. Elman Associates, Inc.*, 6 Pa. Commonwealth Ct. 1, 291 A.2d 813 (1972). Therefore, a landowner whose property is zoned for apartment use may challenge the reasonableness of a height restriction as applied to that property, but a height restriction will not subject a zoning ordinance to a challenge of its validity because of exclusion of a residential use whose only distinguishing feature is height. ''That a specific type of apartment structure is not permitted in no way allows the inference that the township improperly excludes a lawful use of property.'' *Csink v. Whitpain Township,* 106 Montg. 411 (1979), affirmed, 51 Pa. Commonwealth Ct. 149, 414 A.2d 405 (1980).

Further support for the proposition that a zoning ordinance may regulate the height of apartment buildings is found in cases dealing with townhouses. It is clear that a zoning ordinance which fails to provide for townhouses is invalid. *Camp Hill Development Co. v. Zoning Board of Adjustment, Borough of Dauphin,* 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1974). Nonetheless, it is also clear that a township may regulate the density of townhouses usage to avoid congested row housing. *Dublin Properties v. Upper Dublin Township,* 21 Pa. Commonwealth Ct. 54, 342 A.2d 821 (1975). It would seem evident, therefore, that a township may regulate the type of apartment use once it has reasonably provided for such use.

Although, as we have noted, the issue of mid-rise apartments as a separate use was fully litigated before the Board, no specific findings were made on the

issue. While it might appear at first blush that a remand is necessary to allow the Board to enter findings on mid-rise apartments as a separate use, a careful analysis of the question demonstrates that such a finding is not needed.

This decision underlines the rule of law enunciated by *Girsch, supra,* i.e. where a township has provided for apartment use, reasonable height restrictions may be imposed. *Id.* at 245, 263 A.2d at 399. Therefore, a zoning ordinance is not invalid as exclusionary where mid-rise apartments are not provided for as a matter of right.

The Board's findings are supported by substantial evidence and their conclusion that the township ordinance is constitutional is quite correct. Since the Board has refused to rezone Appellee's land, there is no basis for remand to determine whether the height restrictions would be valid as applied to his land. The Board considered whether the township zoning ordinance excluded apartments and found that it did not. Our holding herein makes it unnecessary for the Board to enter findings on mid-rise apartments since the outcome of the case would not be affected thereby.

Due to our resolution of these issues, we need not reach the issue raised concerning Section 1011 of the Code, 53 P.S. §11011.

## Order

And Now, this 21st day of May, 1980, the order of the Court of Common Pleas of Bucks County, dated February 5, 1979, is affirmed insofar as it sustains the validity of the ordinance as to apartments generally, but is reversed insofar as it finds that the ordinance is invalid because it does not provide for mid-rise apartments.