Crown Wrecking Company, Inc. *v.* Zoning Hearing Board of Ross Township, et al. Board of Commissioners of Ross Township, Appellant.

Argued October 5, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR., CRAIG, MACPHAIL and DOYLE.

*William W. Milnes, Brandt, Milnes, Rea & Wagner,* for appellant.

*John R. Dingess,* with him *Donald E. Seymour, Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellee.

OPINION BY JUDGE MACPHAIL, January 21, 1983:

This case comes to us on appeal from a decision of the Court of Common Pleas of Allegheny County reversing the Zoning Hearing Board (Board) of Ross Township and ordering Ross Township municipal officials to issue to Crown Wrecking Company (Crown) appropriate use permits to allow Crown to continue to operate its commercial demolition landfill.

The tract of land at issue in this case is located within a residential district in Ross Township. In 1976 neighboring landowners, taking issue with Crown's use of the property as a landfill, brought an action in equity to enjoin Crown's usage. The trial court, after a hearing on the matter, ordered the Ross Township zoning officer "to register or not to register the property"[1] as a prior non-conforming use. The zoning officer registered Crown's use as non-conforming and an appeal to the Board was taken by neighboring landowners. The Board reversed the zoning officer and Crown appealed to the Court of Common Pleas. That Court[2] ordered the case remanded to the Board for the consideration of factual and legal issues not previously considered.

On remand, the Board held further hearings concerning the usage of this property. Crown asserted

---

[1] *See* Section 613 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10613.

[2] After various proceedings not relevant to this appeal.

four separate legal grounds in support of its claim to use the property as a landfill:

1) that Crown had a right to a variance;

2) that the Ross Township ordinance unconstitutionally excluded landfills;

3) that the use as a landfill was a prior non-conforming use; and

4) that the Township was estopped from denying Crown the right to use the premises as a landfill.

In a decision issued November 10, 1980, the Board found against Crown on all four grounds. Crown then perfected its appeal to the Common Pleas Court. That Court, without taking further evidence, affirmed the Board's conclusions concerning the "traditional" variance claim and the non-conforming use claim, but it reversed the Board on the exclusionary challenge and the "variance by estoppel" claims and, as we have noted, ordered the issuance of the appropriate permits. The Board of Commissioners of Ross Township (Commissioners) filed the present appeal from that order.

The Board, the Common Pleas Court and both parties to this action all agree that the Ross Township Zoning Ordinance totally excludes the operation of a commercial landfill throughout Ross Township. The Board justified such an exclusion on the basis that "the residents *within the vicinity* of the . . . landfill have been subjected to disturbances . . . , air pollution, noise pollution, . . . [and] safety hazards on the public roadways *in the vicinity.* . . .''[3] However, this Court, in the recent decision of *Moyer's Landfill, Inc. v. Zoning Hearing Board of Lower Providence Township,* 69 Pa. Commonwealth Ct. 47, 450 A.2d 273, 278 (1982) has held that evidence limited to the detrimental ef-

---

[3] Quoted from the November 10, 1980 decision of the Board (Emphasis added).

fects of a use on a site and its nearby environs would be insufficient to defeat a constitutional challenge to a municipality-wide exclusion. We consider *Moyer's Landfill* to be controlling in the instant case[4] and we therefore affirm the Common Pleas Court.[5]

[4] The Commissioners contend that the failure of the Commonwealth's Department of Environmental Resources (DER) to ensure full compliance by Crown with the terms of its solid waste disposal permit, as found by the Board, justifies Ross Township's exclusionary zoning. The Commissioners base this argument upon language found in this Court's opinion in *General Battery Corporation v. Zoning Hearing Board of Alsace Township*, 29 Pa. Commonwealth Ct. 498, 371 A.2d 1030 (1977). We quote from *General Battery:*

> We hold that the total exclusion of industrial waste disposal facilities in Alsace Township shifts the burden of proof to the municipality. In this connection, we note the comprehensive role of an active and proficient department of this Commonwealth which has been entrusted with the duty of controlling and supervising the type of activity with which we are concerned. Under the authority of the Pennsylvania Solid Waste Management Act, the Pennsylvania Department of Environmental Resources is given broad power to regulate waste disposal systems. In addition, the Department is authorized to use a wide variety of methods to protect and preserve the quality of our water. Under these circumstances, we conclude that waste disposal facilities do not have the obvious potential for polluting air or water or otherwise creating uncontrollable health or safety hazards. Nor do common knowledge and experience suggest other clearly deleterious effects which would inevitably be visited upon the public in general. We therefore conclude that waste disposal facilities under the diligent control of the Department do not embody a use, the total exclusion of which appears prima facie to be designed to protect the public health, safety and welfare. Concomitantly, the burden shifts to Alsace Township to justify the exclusionary zoning ordinance.

29 Pa. Commonwealth Ct. at 502-03, 371 A.2d at 1032. (Footnotes omitted).

However, we do not believe that the above quoted language was intended to transform a generally valid use into an objectionable one based upon the degree of DER enforcement. Landfills are sub-

314

## ORDER

The order of the Court of Common Pleas of Allegheny County, No. SA 443 of 1977, dated August 18, 1981, is hereby affirmed.

---

ject to comprehensive DER regulation. *See* 25 Pa. Code Chapter 75. While it is possible that understaffing problems at DER has cut down the enforcement activities of that agency (though the Board's findings indicate that DER inspects Crown's landfill monthly), Ross Township itself is empowered to bring an action to restrain any violations of the provisions of the Solid Waste Management Act. *See* Section 604(b) of the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, 35 P.S. §6018.103. Thus, this landfill does not have the "obvious potential" for "creating uncontrollable health or safety hazards" and therefore should not be considered excludable *per se.*

[5] Having affirmed the Court's holding regarding exclusionary zoning, we will not discuss the "variance by estoppel" claim.