Borough Council of Churchill Borough, Appellant
*v.* Pagal, Inc., Appellee.

Borough Council of Churchill Borough, Appellant
*v.* Pagal, Inc., Appellee.

602

Argued October 6, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL, sitting as a panel of three.

*David McNeil Olds*, with him *Lee S. Piatt, Reed, Smith, Shaw & McClay*, and *Robert W. Goehring*, Solicitor, for appellant.

*Robert J. Winters, Goehring, Rutter & Boehm,* for appellee.

OPINION BY JUDGE MACPHAIL, June 3, 1983:

The Churchill Borough Council (Council) has appealed to this Court from an order of the Court of Common Pleas of Allegheny County which reversed a Council decision upholding the constitutionality of the Borough's zoning ordinance. The court of common pleas concluded that the ordinance unconstitutionally excludes restaurants as a permitted use in the Borough.

Pagal, Inc. (Appellee) owns an unimproved tract of land in the Borough which is approximately one acre in size. The lot is located in an R-2 residential district which does not permit Appellee's proposed restaurant use. Appellee filed a challenge to the validity of the zoning ordinance with the Council together with a request for a curative amendment pursuant to Sections 609.1 and 1004(1)(b) of the Pennsylvania Municipalities Planning Code (MPC).[1] Appellee alleged in its challenge that the ordinance is facially invalid due to its failure to allow restaurants as a permitted use in the Borough.[2] Following two public hearings on the challenge, Council concluded that the exclusion is constitutional because, *inter alia,* the Borough is highly developed and, therefore, is not a logical area for further growth and because the Borough has historically been a primarily residential community which has

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10609.1, 11004(1)(b).

[2] Appellee also challenged the validity of two setback requirements in the ordinance. The Council denied the setback challenge and the court of common pleas did not rule on this aspect of Council's decision. Since Appellee has not filed a cross-appeal to preserve the issue of the validity of the setbacks, we will not address the matter further.

received few requests for commercial development within its borders.

On appeal and without taking additional evidence, the court of common pleas reversed, finding that the Borough is a logical area for development and that an unconstitutional exclusion had been established. Council subsequently perfected its appeal to this Court.

Where, as here, the court of common pleas took no additional evidence, our review is limited to a determination of whether Council committed an error of law or a manifest abuse of discretion. *General Battery Corp. v. Zoning Hearing Board, Alsace Township*, 29 Pa. Commonwealth Ct. 498, 371 A.2d 1030 (1977).

As reflected by Council's own findings and conclusions, it is clear that the Borough's ordinance does not permit restaurants as a principal use. A zoning ordinance which totally excludes a legitimate business use[3] may be found valid only where the prohibition bears a substantial relationship to the public health, safety and general welfare. *Beaver Gasoline Co. v. Osborne Borough*, 445 Pa. 571, 285 A.2d 501 (1971). The presumed validity of an ordinance is overcome where a total exclusion of an otherwise legitimate use is established. The burden thereafter shifts to the municipality to demonstrate what interest is sought to be protected by the prohibition. *Moyer's Landfill, Inc. v. Zoning Hearing Board of Lower Providence Township*, 69 Pa. Commonwealth Ct. 47, 450 A.2d 273 (1982), *allocatur denied*, January 14, 1983; *General Battery Corp.*

We observe that the conclusions reached by Council in its decision on Appellee's challenge reflects that body's recognition that the zoning ordinance makes no provisions for restaurants. Council nevertheless has argued before the court of common pleas and this

---

[3] Restaurants are generally accepted as a legitimate business use.

Court that the Borough's ordinance does *not* totally exclude restaurants since the ordinance allows *accessory* uses in several of its districts. Council contends that restaurants are customarily an accessory use to golf clubs, schools and research laboratories, each of which are principal uses permitted in the Borough.

As a procedural matter, we believe that the accessory use issue has been waived in this case because it was not raised until the appellate stage. Even if the merits were reached, however, we would not agree that the potential for a restaurant to append itself to one of the few principal uses which are permitted in the Borough provides a sufficient basis to conclude that the ordinance is not exclusionary. We note that restaurants present a somewhat unusual use category in that they can exist as either an accessory use or as a principal use. While we do not reject the possibility that there might be instances where an ordinance provision for restaurants as accessory uses would be specific and broad enough to avoid a finding of exclusion, this is not such a case. *Cf. Zajac v. Zoning Hearing Board of Mifflin Township,* 41 Pa. Commonwealth Ct. 7, 398 A.2d 244 (1979) (in order to be valid an ordinance need not allow a use absolutely, but may permit it conditionally by special exception).

Since we conclude that a total prohibition of restaurants has been established, the crucial issue becomes whether or not the Borough has met its burden of demonstrating that the exclusion is substantially related to the public health, safety and general welfare. In this regard, the Council points to the facts that the Borough is a highly developed municipality which is a logical area for growth and that the Borough has historically been regarded in the region as a residential community. Thus, Council argues implicitly that we should apply the "fair share" analysis set forth by our Supreme Court in *Surrick v. Zoning Hearing*

*Board of Upper Providence Township,* 476 Pa. 182, 382 A.2d 105 (1977)[4] to conclude that the Borough's "fair share" of restaurants is essentially zero. We do not think, however, that "fair share" analysis can properly be applied to a case, as here, involving the *total* exclusion of a legitimate business use.[5] We think the test was designed, instead, to apply to cases where there is an allegation that a partial exclusion amounts to tokenism. *Township of Paradise v. Mt. Airy Lodge, Inc.,* 68 Pa. Commonwealth Ct. 548, 449 A.2d 849 (1982). Moreover, we cannot accept the conclusion that a municipality can justify the total prohibition of a legitimate business use based on the high level of development in the municipality where, as here, some undeveloped land remains available. We do not think that a municipality may validly rely on the long-standing zoning exclusion of a legitimate business use and the fact that the municipality has for the most part been developed under that exclusionary zoning scheme, to justify a continued prohibition.

Another consideration Council relied upon in finding the Borough ordinance constitutional was the fact that surrounding communities have restaurants which are readily accessible to the Borough's residents. While the record in this case indicates that the Borough and several surrounding municipalities have developed a comprehensive plan for the region, a regional comprehensive plan is recommendatory only and

---

[4] In *Surrick* the Supreme Court delineated a three-part test for determining whether a municipality has failed to accept its "fair share" of various residential uses: 1) whether the community is a logical area for development and growth; 2) the present level of development in the community and 3) whether the zoning scheme effects an exclusionary result or manifests an exclusionary intent to zone out natural growth.

[5] We, accordingly, do not reach the issue of the applicability of the "fair share" theory to commercial, as opposed to residential, uses. *See Moyer's Landfill.*

cannot provide a justification for the Borough's exclusion of restaurants. *Fox Chapel Borough Appeal,* 33 Pa. Commonwealth Ct. 256, 381 A.2d 504 (1978); *Nicholas Heim & Kissinger v. Harris Township,* 31 Pa. Commonwealth Ct. 357, 375 A.2d 1383 (1977). Other justifications for the exclusion which were relied upon by Council included testimony regarding the detrimental impact on the public health and welfare which could result if Appellee's property was developed for restaurant use. This evidence, being site-specific, is not adequate to validate a facially exclusionary zoning ordinance. *Moyer's Landfill.* We, accordingly, conclude that the Borough has failed to satisfy its burden of demonstrating that the present ordinance ban on restaurants is substantially related to the public health, safety and general welfare.

The Council has raised several additional issues which merit brief discussion. First, Council contends that the court of common pleas erred in failing to grant a *de novo* hearing on appeal. Council argues that where, as here, an appeal is taken from the governing body directly to the court of common pleas, it should be entitled to present evidence to the court justifying its ordinance. Otherwise, the Council argues, it would be required to present evidence to itself on the issue of justification. In order for a *de novo* hearing to be warranted the party seeking such hearing must generally demonstrate that the record is incomplete because it was denied the opportunity to be fully heard, or because relevant testimony it offered was excluded. *Boron Oil Co. v. City of Franklin,* 2 Pa. Commonwealth Ct. 152, 277 A.2d 364 (1971). A review of the record in the instant case reveals that the Borough had no difficulty in thoroughly presenting its case to Council. We have found no evidence of prejudice or a denial of due process and would point out that since at least 1971 municipalities have been on notice that they cannot

rely upon the presumed validity of their zoning ordinances, but rather must come forward with evidence justifying an ordinance which has been substantively challenged. *Beaver Gasoline Co.* We think the Borough was cognizant of its burden and find no error in the court of common pleas' refusal to grant a *de novo* hearing.

Council next argues that to allow Appellee's proposed use would constitute spot zoning because the restaurant would be located in a district which is primarily residential. The obvious fallacy in this argument is that Appellee, by its curative amendment, is not requesting that only its one-acre plot be rezoned. Instead, the curative amendment requests that the uses permitted in the R-2 district be amended to include restaurants. Such an amendment would not constitute spot zoning. *See* R. Ryan, Pennsylvania Zoning Law and Practice §3.4.9 (1970).

Finally, Council argues that the court of common pleas erred when it modified its order of October 28, 1981 after an appeal from that order had been taken to this Court. We agree that the common pleas court lacked jurisdiction to modify its original order. *See* Pa. R.A.P. 1701(a) and *Grove v. Zoning Hearing Board, Thornbury Township,* 40 Pa. Commonwealth Ct. 47, 397 A.2d 22 (1979).

Turning lastly to the relief to which Appellee is entitled, we observe that although the common pleas court found the Borough's ordinance to be exclusionary, it did not address the considerations set forth in Section 1011(2) of the MPC, 53 P.S. §11011(2) in fashioning definitive relief. Section 1011(2) provides for court review of the proposed plan, existing restrictions and locational suitability of the proposed site. *Appeal of Elocin, Inc.,* 66 Pa. Commonwealth Ct. 28, 443 A.2d 1333 (1982), *rev'd on other grounds,* Pa. , A.2d (Nos. 60, 68 & 69 E.D. Appeal Dkt. 1982, filed

April 27, 1983). Since the court of common pleas has not addressed the factors delineated in Section 1011 (2), we will remand for further proceedings.[6]

ORDER

The order of the Court of Common Pleas of Allegheny County, dated October 28, 1981, No. SA 760 of 1981, is hereby affirmed. It is further ordered that the matter be remanded for further proceedings consistent with the foregoing opinion.

---

[6] This case was reassigned to the opinion writer on April 5, 1983.

---

CONCURRING AND DISSENTING OPINION BY JUDGE DOYLE:

I dissent only on the grounds that the majority opinion would exclude from any consideration the actual regional development, as distinguished from a comprehensive *plan* for the region, when considering the municipalities' burden of demonstrating that the excluded use is substantially related to the public health, safety and general welfare.