Judge WILLIAMS, JR. did not participate in the decision in this case.

William P. Cracas, et al., Appellants *v.* Board of Supervisors of West Pikeland Township, Appellee.

Argued April 9, 1985, before Judges CRAIG and COLINS and Senior Judge KALISH, sitting as a panel of three.

*John D. Snyder,* with him, *E. Craig Kalemjian, Lamb, Windle & McErlane, P.C.,* for appellants.

*Sondra K. Slade, Pitt, Agulnick, Supplee, Johnson & Slade,* for appellee.

OPINION BY JUDGE CRAIG, May 22, 1985:

In this zoning case, a group of landowners[1] challenged the West Pikeland Township zoning ordinance as exclusionary, alleging that it failed to provide for a variety of commercial uses. The township's board of supervisors rejected the landowners' challenge and proposed curative amendment, concluding that the existing zoning ordinance permitted the commercial uses in question. On appeal, the court of common pleas affirmed on the same grounds, without taking additional evidence. Consistent with our scope of review,[2] we

---

[1] The landowner-appellants are William P. Cracas, Johanna B. Cracas, Fred G. Cooper, Nancy M. Cooper, Louis R. Fillippo, Jr., George F. Thornton, Jr., Patricia A. Thornton, Sherman K. Trego, Edith A. Trego, Richard E. Zeiders and Jean M. Zeiders.

[2] Where the trial court takes no additional evidence, our review is limited to a determination of whether the municipal authority committed an error of law or a manifest abuse of discretion. *Borough Council of Churchill Borough v. Pagal, Inc.,* 74 Pa. Commonwealth Ct. 601, 460 A.2d 1214 (1983).

must determine whether the board of supervisors erred in concluding that the zoning ordinance was not exclusionary with respect to the proposed commercial uses.

The property of each of the landowners is located in the Conservation-Residence District, which permits single-family dwellings, agriculture and conservation uses. The landowners currently conduct a variety of businesses from their residences, including general contracting, landscaping, paving, retail and wholesale sale of eggs, and janitorial and carpet cleaning services. Several of the landowners also store business equipment and materials on their property.

The landowners' proposed curative amendment would have created a commercial district permitting all of a specified list of business activities, subject to various conditions, including a requirement that someone in control of the business reside on the respective premises.

On appeal, the township supervisors assert that because the curative amendment's proposed commercial-residential combination use is not a generally accepted land use for the purpose of zoning, failure to provide for that use cannot render the ordinance exclusionary. In response, the landowners point out that once the board of supervisors had rejected their proposed curative amendment, that amendment was no longer viable as such on appeal, citing *Appeal of Olson,* 19 Pa. Commonwealth Ct. 514, 338 A.2d 748 (1975) and *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975).

Although we agree with the board's position that failure to provide for a combined commercial-residential category, which judicial authority has never recognized, does not render an ordinance exclusionary, *See Csink v. Ulrich,* 51 Pa. Commonwealth Ct. 149, 414 A.2d 405 (1980) (mid-rise apartment

buildings not a category for which zoning must provide), the cases cited by the landowners have established that on appeal the substantive merits of a proposed curative amendment are no longer a relevant issue.

In their challenge to the township and their notice of appeal to the trial court, the landowners complained that the zoning ordinance was invalid and exclusionary because it failed to provide for specified commercial uses. By way of relief, the landowners requested approval of the uses they had listed in section 551 of the proposed curative amendment; section 551 details the specific commercial uses the landowners wish to make of their property and does not mention any form of residential use. It provides:

> In a "C" Commercial district the following uses shall be permitted: Landscaping; Sale and refinishing of antiques; Green Houses; Masonry, Carpentry; Remodeling; Plumbing; Electrical (including motor and electronic repair); House Cleaning and Painting businesses; Wholesale establishments for the sale and distribution of supplies and general merchandise. These uses shall include the customary storage and workyards incidental thereto when enclosed within a building or screened from view by plantings.

That listing is at issue here because the landowners incorporated it into their challenge and request for relief, even though the curative amendment itself is now a dead letter.

The essential inquiry is whether or not the zoning ordinance is exclusionary with respect to the specific list of requested commercial uses.

Whether or not an ordinance is exclusionary is a question of law, *Berger v. Board of Supervisors of*

*Whitpain Township,* 31 Pa. Commonwealth Ct. 386, 376 A.2d 296 (1977), and on review, an ordinance which effects a total prohibition of an otherwise legitimate business use is particularly suspect. *Exton Quarries, Inc. v. Zoning Board of Adjustment,* 425 Pa. 43, 228 A.2d 169 (1967). A challenger who successfully establishes that the zoning ordinance totally excludes a proposed use overcomes the presumption that the ordinance is valid; the burden then shifts to the municipality to establish a substantial relationship between the ban and an identified, protected public interest. *Beaver Gasoline Company v. Osborne Borough,* 445 Pa. 571, 285 A.2d 501 (1971); *Borough Council of Churchill Borough v. Pagal, Inc.,* 74 Pa. Commonwealth Ct. 601, 460 A.2d 1214 (1983).

In *Township of Paradise v. Mt. Airy Lodge, Inc.,* 68 Pa. Commonwealth Ct. 548, 449 A.2d 849 (1982), we discerned a three-step analytical approach:

(1) Does the ordinance exclude the proposed use?

(2) If so, is the exclusion prima facie valid because the use is objectionable by nature?

(3) If not, has the municipality justified the exclusion?

The trial court characterized the proposed uses as "the offices of painting, plumbing, masonry and general contractors" and concluded that the existing zoning ordinance permitted those uses. We cannot agree.

The only potentially relevant districts are the Historic Business District and the Business District. The Historic Business District permits, in addition to residential and accessory uses, the following:

(a) Retail store with a gross floor area not in excess of 1,000 square feet ...,

(d) Professional office or studio, and

(e) Hotel, inn, restaurant, theater, auditorium, assembly hall, library or community recreation center.

Ordinance Article IV, §401.

In the Business District, the ordinance additionally provides for retail-convenience commercial establishments, specifically:

(b) Retail service shop, or custom shop, such as: bakery, candy, ice cream or similar shop; custom tailoring or millinery shop; clock, watch, or jewelry shop; radio, television or household appliance repair shop,

(c) Personal service shop such as barber shop, beautician, dry cleaning establishment.

That section also permits banking institutions and accessory uses. Ordinance Article V, §§500-501. The ordinance specifically prohibits in both districts the permanent storage of merchandise, articles or equipment outside a building.

Even the most strained interpretation of those provisions would not justify the conclusion that either of those districts allows any of the business uses sought by the landowners' relief requests. Thus, we conclude that the ordinance is facially exclusionary with respect to those commercial endeavors.

As to the second step of our analysis, the supervisors have not contended, nor could they, that the proposed commercial uses are inherently objectionable. *General Battery Corporation v. Zoning Hearing Board of Alsace Township*, 29 Pa. Commonwealth Ct. 498, 371 A.2d 1030 (1977).

Because the supervisors relied wholly on the position that the ordinance presently permits the disputed commercial uses, they did not attempt to justify the

exclusion through the introduction of any evidence; therefore, we must conclude that the supervisors failed to carry their burden of establishing a relationship between the ban and a legitimate exercise of the police power.[3]

Concerning the appropriate relief, because the trial court agreed with the conclusion of the supervisors that the ordinance was not exclusionary with respect to commercial uses, it did not address the considerations of section 1011(2) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11011(2), which govern the design of a remedy. Thus, we must remand to the trial court, which shall consider the landowners' proposed uses in the light of the provisions of that section. *Borough Council of Churchill Borough v. Pagal, Inc.*, 74 Pa. Commonwealth Ct. 601, 460 A.2d 1214 (1983).

MPC section 1011(2), whenever there is a judicial conclusion that an ordinance is unlawful, provides that the trial court

> may order the described development or use approved as to all elements or it may order it approved as to some elements and refer other elements to the governing body . . . for further proceedings, including the adoption of alternative restrictions, in accordance with the court's opinion and order. . . .

Thus, although the successful attacker of an exclusionary zoning ordinance is entitled to receive a bounty in

---

[3] We agree with the landowners' argument that the existence of other commercial establishments in the community does not, without more, justify the total exclusion, *Township of Paradise v. Mt. Airy Lodge, Inc.*, 68 Pa. Commonwealth Ct. 548, 449 A.2d 849 (1982), and similarly, the presence of commercial uses in the surrounding municipalities does not justify the ban. *Borough Council of Churchill Borough v. Pagal, Inc.*, 74 Pa. Commonwealth Ct. 601, 460 A.2d 1214 (1983).

the form of an opportunity to pursue the requested use, *Casey v. Zoning Hearing Board of Warwick Township,* 459 Pa. 219, 228, 328 A.2d 464, 468 (1974), the MPC provides, consistently with *Casey,* that the landowner may proceed with the newly-allowed development only in the context of reasonable ancillary retrictions designed to provide for the relationship of that new use to other land uses and other landowners in the community.

Pertinently, the West Pikeland Township Zoning Ordinance in §104(m) recognizes that every principal use, such as each of the commercial uses identified here, must be placed in its own zoning envelope, in that the ordinance defines a "Lot" for zoning purposes as

a parcel of land on which a principal building, or where authorized by this ordinance a unified group of buildings, is or may be placed together with the required open space. The use of the lot for more than one principal building or for a unified group of buildings shall be considered a subdivision and the plan for any such use shall be subject to approval in accordance with the West Pikeland Township subdivision ordinance.

. . .

Because the judicial doctrine against exclusionary zoning rests upon a substantive due process foundation, *Surrick v. Zoning Hearing Board of Upper Providence Township,* 476 Pa. 182, 188, 382 A.2d 105, 108 (1977), there is no unreasonable limitation of these landowners' property rights in holding that they are *not* entitled to incorporate any of the respective requested new commercial uses into their residential buildings nor superimpose them upon that portion of their land (defined in the zoning ordinance as a "Lot" for zoning purposes) which they presently fully utilize for their residences, together with the open spaces required to be associated with those homes. The West

Pikeland Township ordinance's omissions with respect to the specified commercial uses burden them only to the extent that each can designate a lot for zoning purposes appropriate to accommodate a commercial building housing the respective business use, in accordance with lawful provisions of the related West Pikeland Township Subdivision Ordinance and the reasonable and appropriate "alternate restrictions" as to zoning which the MPC allows. Provisions as to setbacks, yards, business parking and materials enclosures are obvious examples of such restrictions.

To be deprived of the opportunity to have a commercial use in combination with an existing residential one is not a deprivation which zoning law recognizes. Nearly 60 years ago, *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365 (1926) upheld the constitutionality of zoning limitations precisely because of the validity, in substantive due process terms, of zoning regulations which require commercial and industrial uses to be separated from residential ones. The decision that this township ordinance is exclusionary as to certain lawful commercial uses does not provide a basis for legalizing any commercial or industrial activities which these landowners have heretofore conducted in and around their residences contrary to the township's ordinances.

### Order

Now, May 22, 1985, the order of the Court of Common Pleas of Chester County, No. 198, October Term, 1981, dated September 19, 1983, is reversed, and this case is remanded to that court to reach an order defining proper relief, in accordance with section 1101 (2) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §110111(2), as described in the foregoing opinion.

Jurisdiction relinquished.