553 A.2d 507

Neil R. Toms and Nancy J. Toms, Appellant *v.* The Board of Supervisors of Washington Township, Appellee.

Argued November 1, 1988, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Paul A. Prince, Prince and Prince, P.C.*, for appellant.

*Thomas G. Parisi,* with him, *Richard L. Orwig, O'Pake, Malsnee, & Orwig, P.C.*, for appellee.

OPINION BY JUDGE CRAIG, January 27, 1989:

Neil and Nancy Toms challenge the Washington Township Zoning Ordinance as exclusionary, alleging that it failed to make any provision for a trash transfer station. The Washington Township Board of Supervisors rejected the Toms' challenge and proposed curative amendment, concluding that the existing zoning ordinance permitted the use in question. The court of common pleas affirmed without taking additional evidence.[1] We reverse and remand.

The undisputed facts are reflected by the board's findings. The trial court succinctly summarized them as follows:

---

[1] Our scope of review is limited to determining whether the board committed a manifest abuse of discretion or an error of law. *General Battery Corp. v. Alsace Township*, 29 Pa. Commonwealth Ct. 498, 371 A.2d 1030 (1977).

In November of 1985, appellants opened a 'refuse transfer station' on their property in the area immediately adjacent to the residence. The refuse transfer station consisted of a 50 foot long, 9 foot high retaining wall. In front of; and below the top of the wall, appellants placed one, and sometimes two industrial trash bins. Trash trucks would pick up trash in the early morning of each business day, transport the trash to the transfer station and empty the collected trash into the industrial trash bin or bins. On or near the same day as the trash was dumped in the bins, appellants caused the filled bins, with their contents of trash, to be hauled away and an empty bin or bins to be substituted for them. The appellants had no zoning or other permit authorizing them to construct and operate the transfer station. Consequently, the Washington Township Zoning Officer advised them that they were operating the transfer station in violation of the Washington Township Zoning Ordinance. They then sought a curative amendment to the township zoning ordinance permitting such a 'trash transfer station' in the 'R-1', Rural Conservation District. The Board of Supervisors refused to enact it.

On appeal, the Toms contend that the township's zoning ordinance is exclusionary because trash transfer stations, clearly prohibited in all non-industrial districts, are also excluded from the industrial district by section 901, which reads:

*Section 901. Use Regulations;*

. . . .

3. The following uses shall not be permitted:

. . . .

Incineration, reduction, storage, or dumping of slaughterhouse refuse, rancid fats, garbage, dead animal offal, nuclear wastes or trash.

The board asserts that, because section 901 allows for "any industrial ... use not specifically excluded", the township's zoning ordinance by implication permits refuse transfer stations.

### 1. Exclusionary effect of the ordinance

Trash transfer stations are a legitimate use and cannot be constitutionally excluded in totality from a municipality. *Tohickon Valley Transfer v. Tinicum Township Zoning Hearing Board*, 97 Pa. Commonwealth Ct. 244, 251, 509 A.2d 896, 900 (1986).

The board concluded that "the exclusionary language of section 901(3) ... does not, in fact, exclude the type of uses proposed by the applicant and further, holds that the industrial district (I-1) of the Township Zoning Map would provide for such a use." In reaching this conclusion, the board decided that the reference to "incineration, reduction, storage, or dumping", referred to animal wastes, nuclear wastes and nuclear trash, and that the negation of the "storage" of "garbage" does not prohibit the activity which a refuse transfer station would involve.

However, a plain reading of section 901(3) discloses that the "storage ... of ... garbage ... or trash" is forbidden. A refuse transfer station involves the storage of garbage or trash. Hence, the ordinance entirely prohibits and excludes a refuse transfer station.

However, the trial judge's approach in this case was that, even if the ordinance excludes trash transfer stations by its present language, the severability section of the ordinance[2] allows the ordinance to be saved by striking out §901(3), the offending provision.

---

[2] SECTION 2203. SEVERABILITY: Should any section, provision, or clause of this Ordinance be declared by the courts to be

However, nearly all zoning ordinances contain severability clauses, and, in the absence of such a clause, severability is implied.[3] Therefore, to uphold the trial judge's severance technique would emasculate Pennsylvania's exclusionary zoning doctrine because almost every ordinance with a blanket prohibition could be saved by judicially striking out the prohibition. The Pennsylvania Supreme Court clearly has sought to discourage exclusionary zoning by allowing the successful attacker to receive site-specific relief, the right to proceed with the excluded use on his own property, *Casey v. Zoning Hearing Board of Warwick Township*, 459 Pa. 219, 328 A.2d 464, (1974), as a kind of bounty, *Cracas v. Board of Supervisors of West Pikeland Township*, 89 Pa. Commonwealth Ct. 424, 492 A.2d 798 (1985).

If the courts, after finding an ordinance to be exclusionary, used the severability concept to allow the excluded use in the industrial district, as here, rather than upon the challenger's property, we would negate site-specific relief and the result would be "grossly inequitable." *Casey*, 459 Pa. 230, 328 A.2d at 469.

The trial court also erred in concluding that· the exclusionary zoning cases have not allowed site-specific relief for a non-residential use in a residential district. *See General Battery Corp. v. Zoning Hearing Board of Alsace Township*, 29 Pa. Commonwealth Ct. 498, 371 A.2d 1030 (1977) (applicant granted a permit to construct waste disposal facility in township's R-2 rural farm zone), *Crown Wrecking Corporation v. Ross Township Zoning*

---

unconstitutional or invalid, such decision shall not affect the validity of the Ordinance as a whole or any part thereof other than the part so decided to be unconstitutional or invalid.

[3] *See* Section 1925 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1925. *See also Middletown Township v. Benham*, 91 Pa. Commonwealth Ct. 186, 496 A.2d 1293 (1985) (rules of statutory construction are applicable to zoning ordinances).

*Hearing Board,* 71 Pa. Commonwealth Ct. 310, 454 A.2d 683 (1983) (applicant granted permit to operate commercial demolition landfill within a residential district). Site-specific relief does not involve invalidating "the whole ordinance", as the trial judge here suggested. Where, as here, the applicant has prevailed, the applicant is entitled to more than a Pyrrhic victory. *Casey,* 459 Pa. at 219, 328 A.2d at 464. Genuine relief in accordance with the MPC is warranted.

*2. Relief*

According to section 1011(2) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11011(2), whenever a court concludes that an ordinance unlawfully restricts a use:

> [T]he [court] may order the described development or use approved as to all elements or it may order it approved as to some elements and refer other elements to the governing body ... for further proceedings, including the adoption of alternative restrictions, in accordance with the court's opinion and order... .

However, the trial court here also sought to deny relief by invoking a premise that only one principal use is permitted on each "property". The court proceeded to state:

> The property in question is appellants' principal residence and the primary use at the area in question is residential. Therefore, even if the curative amendment which appellants sought to have enacted, had been enacted, appellants could not use their property for an industrial use. Such use would not be an accessory use to a residential use, but would be a second principal use, and would be prohibited on appellants' property even if permitted in other areas of the 'R-1' District.

That premise is correct in the sense that a "property" for zoning purposes is the amount of land, whether under a separate deed or not, necessary to achieve compliance with all pertinent area and set-back requirements for one use. However, the conclusion drawn from that premise by the trial court is erroneous. The Toms may proceed with the trash transfer station use if they can allocate sufficient property to their residence to keep it in full compliance, and then allocate a different part of their land for the trash transfer station, in compliance with any pertinent area and set-back needed for it. *See Cracas,* 89 Pa. Commonwealth Ct. at 424, 492 A.2d at 798.

If the Toms' property can separately provide enough land to satisfy the residential use requirements as well as enough land for the new use, such a replotting of their property for zoning purposes would be similar to a "Land development" recognized by §107(11)(b) of the MPC[4] because it would involve "allocation of land" for two occupancies rather than one, in that two different primary uses would be involved, but with each one meeting all requirements pertinent to it.

Accordingly, the decision of the court of common pleas is reversed, and this case will be remanded with directions.

## ORDER

NOW, January 27, 1989, the order of the Court of Common Pleas of Berks County, No. 89 November, 1986, dated January 14, 1988, is reversed, and this case is remanded to that court to reach an order defining

---

[4] Section 107(11)(b), of the Municipalities Planning Code, 53 P.S. §10107(11)(b) states:

Land development, ... (b) the division or allocation of land or space between or among two or more existing or prospective occupants by means of, or for the purpose of streets ... or other features ....

proper relief pursuant to section 1101(2) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11011(2), in accordance with the foregoing opinion.

Jurisdiction relinquished.